08-4612-pr
Jones v. Lamont

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of May, two thousand ten.

PRESENT:

> DEBRA ANN LIVINGSTON,
> > *Circuit Judge*,[*]
> KIMBA M. WOOD,
> > *District Judge.*[**]

_____

Charles St. Clair Jones,

> > *Plaintiff-Appellant*,

> v.                                                                     No. 08-4612-pr

Warden Wayne A. Lamont, Mr. Ronald Williams, Medical Staff,
Mr. Nealum, Medical Staff - Indian Women, Captain Donovan,
Captain Camacho,

> > *Defendants-Appellees*.

_____

[*]The Honorable Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter. *See* Second Circuit Internal Operating Procedure E(b); 28 U.S.C. 46(d); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1999).

[**]The Honorable Kimba M. Wood of the United States District Court for the Southern District of New York, sitting by designation.

For Appellant:                    CHARLES ST. CLAIR JONES, *pro se*, Bronx, N.Y.

For Appellees:                    NORMAN CORENTHAL, Assistant Corporation Counsel, City of New York Law Department, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-appellant Charles St. Clair Jones appeals *pro se* from a decision of the district court granting defendants summary judgment on Jones's 42 U.S.C. § 1983 claims alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. We assume the parties' familiarity with the facts, procedural history of the case, and issues on appeal.

As an initial matter, due to Jones's failure on appeal to address his claims against defendants Warden Wayne A. Lamont, Ms. Nealum, Captain Donovan, and Captain Camacho, Jones has abandoned these claims. *See Pabon v. Wright*, 459 F.3d 241, 247 (2d Cir. 2006). Accordingly, we affirm the district court's judgment with respect to Jones's claims against these defendants and proceed to the merits only with respect to the claims against defendants Brown and Williams.

We review the grant of summary judgment *de novo*, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we

resolve any ambiguities and draw all permissible factual inferences in favor of the non-movant. *See Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003). Despite this deference, a non-movant cannot defeat a motion for summary judgment merely through conclusory statements or allegations. *See Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The standard of review is the same in reviewing an order granting an unopposed motion for summary judgment. *See Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004). In deciding an unopposed summary judgment motion, "the district court must still assess whether the moving party ha[s] fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." *Id.*

Here, a review of the materials submitted by the defendants indicates that they have met their burden of showing that no genuine issue of material fact remains in the case. To substantiate an Eighth Amendment claim for medical indifference, a plaintiff must prove that the defendant was deliberately indifferent to a serious medical need. *Farmer v. Brennen*, 511 U.S. 825, 834-35 (1994). Deliberate indifference has two necessary components, one objective and the other subjective. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Objectively, the deprivation must be "sufficiently serious," creating a risk of "death, degeneration, or extreme pain." *Id.* (internal quotation marks omitted). Subjectively, the official must have the equivalent of a criminally reckless state of mind. *Id.* This mental state requires that the charged official "act or fail to act while actually aware of a substantial risk that serious inmate harm will result." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). The official "must be subjectively aware that his conduct creates" a substantial risk of harm to the inmate, *see id.* at 281, although "evidence that the risk was obvious or otherwise must have been known to a defendant is

3

sufficient to permit a jury to conclude that the defendant was actually aware of it." *Brock v. Wright*, 315 F.3d 158, 164 (2d Cir. 2003). On the record before us, there is no evidence that the defendants were aware that Jones was resistant to Norvir.[1] Jones's medical records reveal that Dr. Brown did not prescribe Norvir until November 2004, six months after Jones's arrival at Rikers Island, and that Jones "[a]greed to try" the medication. Without any evidence of subjective awareness on the part of defendants, Jones cannot sustain a medical indifference claim.

For the reasons stated above, the judgment of the district court is AFFIRMED in its entirety.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1]We note that defendants in their letter brief to this Court, as well as in their motion for summary judgment in the court below, rely in part for this point on a letter from Jones's medical providers in the New York State Department of Correctional Services allegedly showing that Jones had no allergy to Norvir. This Court has been unable to locate this document in the materials submitted either here or below. We analyze the motion for summary judgment on the strength of the record as it appears before us, and thus exclude the alleged letter from consideration.

4