**12-1475-cv**
**Jackson v. Federal Express**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2013

(Argued: January 15, 2014          Decided: September 9, 2014)

Docket No. 12-1475-cv

- - - - - - - - - - - - - - - - -

MONIQUE JACKSON,
          <u>Plaintiff-Appellant</u>,

                    v.

FEDERAL EXPRESS,
          <u>Defendant-Appellee</u>.

- - - - - - - - - - - - - - - - -

B e f o r e:  WINTER, STRAUB, and HALL, <u>Circuit Judges</u>.

Appeal from a grant of summary judgment by the United States District Court for the District of Connecticut (Robert N. Chatigny, <u>Judge</u>) dismissing appellant's claims and denying her <u>pro</u> <u>se</u> request to reopen discovery.  We write to clarify a district court's obligations in granting summary judgment where a motion for such judgment is fully or partially unopposed.  We affirm.

EDWARD SCARVALONE, Doar Rieck Kaley & Mack, LLC, New York, NY, <u>for</u> <u>Plaintiff-Appellant</u>.

DAVID P. KNOX, Federal Express Corporation, Memphis, TN, <u>for</u> <u>Defendant-Appellee</u>.

WINTER, Circuit Judge:

Monique Jackson appeals from Judge Chatigny's grant of summary judgment dismissing her medical leave, disability, employment discrimination, and retaliation claims and denial of her pro se request to reopen discovery. We write to clarify the obligations of a district court in granting summary judgement under Fed. R. Civ. P. 56. We affirm.

BACKGROUND

We view the record in the light most favorable to appellant. Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1223-24 (2d Cir. 1994) (on de novo review of summary judgment, "all ambiguities must be resolved and all inferences drawn in favor of" the non-moving party). The following facts are undisputed, unless noted otherwise.

Appellant is an African-American woman who worked as a senior service agent at Federal Express ("FedEx") from 1996 to May 2007. In 2006, appellant filed an internal human resources ("HR") complaint against her manager, Franklin Benjamin, claiming that he sexually harassed her, and against the operations manager, Billy Lipscomb, claiming that he ignored her complaints. Both managers were subsequently transferred to different facilities. After a short interval during which appellant was supervised by new managers, Ralph Sylvester became appellant's direct manager.

FedEx's termination policy provides that "if an employee receives any combination of three warning letters or performance counseling letters in a twelve-month period, the employee is subject to termination."  After appellant was disciplined five times between September 2006 and May 2007, FedEx terminated her.

On March 16, 2010, appellant filed the present complaint against FedEx alleging, inter alia, that Sylvester and Benjamin were friends and that Sylvester terminated her in retaliation for complaining about Benjamin's sexual harassment.  The complaint further alleged that Sylvester used racial slurs in her presence, pressured her to return to work while she was on medical leave recovering from an automobile accident, refused to accommodate her work to lingering injuries after she returned, and terminated her in part because of her age and race.  The complaint asserted claims for:  (i) retaliation for filing an internal complaint of sexual harassment, 42 U.S.C. § 2003e-3(a); (ii) termination because of her race, 42 U.S.C. § 2003e-2(a); (iii) violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.; (iv) violation of the Americans with Disabilities Act, 42 U.S.C. § 1201.01 et seq.; and (v) age discrimination, 42 U.S.C. § 610 et seq.

After the court-ordered schedule of seven months for discovery had expired, FedEx moved for summary judgment on all claims.  In compliance with Fed. R. Civ. P. 56(c) and Local Rule

56(a)(1), it submitted a statement of 124 facts that FedEx claimed to be undisputed.  The motion was accompanied by sworn declarations from Sylvester and two FedEx HR managers and excerpts from appellant's deposition.  Each of the 124 factual assertions cited specific support in the record.  Appellant, through counsel, responded with a Local Rule 56(a)(2) statement of undisputed and disputed facts, additional documentary evidence, and an opposition brief.  Appellant's Rule 56(a)(2) statement explicitly admitted 111 of FedEx's statements of undisputed facts and denied 13.  The admitted facts included numerous matters undermining appellant's non-retaliation claims.  Details are discussed _infra_.  The denials concerned the investigation of Benjamin's conduct, Sylvester's use of racial epithets, and the circumstances of appellant's termination.  Part II of her response to FexEx's statement of undisputed facts claimed that the following "issues of material fact" were disputed:

> 1. Plaintiff filed a harassment complaint against a FEDEX employee in February of 2000 [sic], after which, her performance rating declined. . . . The decline was motivated, in part, by the filing of the internal complaint.
> 2. When Plaintiff "zeroed" timecards in March of 2007, and was reprimanded for it, she did so under the express instruction of Sylvester. . . . Sylvester's motivation to write-up and subsequently terminate Jackson was . . . motivated, in large part, to retaliate

4

against Jackson for filing an internal complaint against Benjamin.

Her opposition brief stated that "[d]iscovery has yielded the existence of issues of fact with respect to one of [appellant's] claims:  Title VII retaliation," and argued that summary judgment should be denied as to that claim.

The district court concluded that appellant "tacitly admits that there are no issues of fact with regard to the [non-retaliation] claims," and dismissed them "in the absence of opposition."  It also noted that it had "[r]eview[ed]" appellee's statement of undisputed facts and confirmed the lack of a dispute as to those facts.  The district court then discussed the Title VII retaliation claim in detail and granted summary judgment in favor of FedEx on that claim.

While the motion for summary judgment was briefed and pending, appellant, acting pro se although still represented by counsel, filed a request to reopen discovery in order to permit the deposition of certain FedEx employees, including Ralph Sylvester, and to obtain time-keeping reports ("FAMIS reports") that appellant had prepared.  Appellant stated in a letter to the court that her attorney "failed to subpoena [her] former operational manager Ralph Sylvester . . . [and] allow[ed] discovery to close on February 1, 2011."  The letter was returned to appellant because it was not signed by her counsel.  Counsel responded with a letter to the court explaining that he had

5

previously requested production of the FAMIS reports, but FedEx's counsel had stated that "they were not in possession, custody, or control of this document." He further stated that the deposition of Sylvester was "largely unnecessary" because it likely would "be favorable to FedEx."

Appellant had sent a letter to her counsel, which predated the letter to the court, asking him to withdraw because she did not think he had her "best interest at heart" and that she was "truly dissatisfied that [he] allowed discovery to close" without the FAMIS reports. Appellant's counsel moved to withdraw, and the district court granted the request on October 20, 2011. Appellant then filed a pro se motion to reopen discovery reiterating the reasons given in her previous letter. The court denied the motion in the order granting summary judgment.

Appellant then brought this appeal pro se. On November 13, 2012, we dismissed appellant's retaliation claim as lacking "an arguable basis in law or fact," but we appointed pro bono counsel to brief the grant of summary judgment on the claims deemed abandoned by the district court.[1]

DISCUSSION

a)  Summary Judgment on the Non-Retaliation Counts

We review a district court's grant of summary judgement de

_____

[1]We express our gratitude to counsel for this service.

6

*novo*, because such a motion may be granted only when the moving party shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Amaker v. Foley, 274 F.3d 677, 680-81 (2d Cir. 2001).

Relying on Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241 (2d Cir. 2004), appellant argues the district court failed to carry out its responsibilities in entering summary judgment when, after a "review" of the assertions of undisputed facts, it dismissed the non-retaliation claims as "unopposed." We disagree.

Rule 56 allows a party to seek a judgment before trial on the grounds that all facts relevant to a claim(s) or defense(s) are undisputed and that those facts entitle the party to the judgment sought. Vt. Teddy Bear, 373 F.3d at 244. A statement of facts deemed by the moving party to be undisputed must be submitted by that party for each such fact. Fed. R. Civ. P. 56(c); D. Conn. Local R. 56(a)(1). Such a statement must reference admissible evidence (when presented at trial in the form of testimony or other permissible method) in the record tending to prove each such fact, e.g., deposition testimony, admissions, answers to interrogatories, affidavits, etc., see Fed. R. Civ. P. 56(c)(2) (nonmovant may object that cited material is inadmissible); D. Conn. Local R. 56(a)(3) (specific citation to evidence must be to "the affidavit of a witness

7

competent to testify as to the facts at trial" or to "evidence that would be admissible at trial"); Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997) ("only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment," and the Federal Rules of Evidence govern such admissibility). The non-moving party need not respond to the motion. However, a non-response runs the risk of unresponded-to statements of undisputed facts proffered by the movant being deemed admitted. Fed. R. Civ. P. 56(e)(2); see, e.g., Jones v. Lamont, No. 05 Civ. 8126, 2008 WL 2152130, at *1 (S.D.N.Y. 2008) ("In view of [pro se] plaintiff's failure to respond to the motion, the well supported factual allegations set forth in defendants' Rule 56.1 statement are deemed admitted."), aff'd, 379 Fed. App'x 58 (2d Cir. 2010).

A non-response does not risk a default judgment, however.[2] See Vt. Teddy Bear, 373 F.3d at 246 (contrasting Rule 55 default with summary judgment requirements). Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed. Id. at 244 (district court must examine an

---

[2]As Vermont Teddy Bear discussed, many default rules such as Rule 55, Rule 4(a), Rule 16(f), and Rule 37(b)(2) are based on the "ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party," while "[m]otions for summary judgment . . . lack these ancient common law roots." 373 F.3d at 246.

unopposed motion for summary judgment "to determine if it has met its burden of demonstrating that no material issue of fact remains for trial" and that "the citation to evidence in the record supports the [unopposed] assertion" (internal quotations omitted)).  In doing so, the court may rely on other evidence in the record even if uncited.  Fed. R. Civ. P. 56(c)(3).  And, of course, the court must determine whether the legal theory of the motion is sound.  Thus, Rule 56 does not allow district courts to automatically grant summary judgment on a claim simply because the summary judgment motion, or relevant part, is unopposed.  However, as discussed infra, a partial response arguing that summary judgment should be denied as to some claims while not mentioning others may be deemed an abandonment of the unmentioned claims.

In the present case, the district court fulfilled all these requirements.  It "[r]eview[ed]" the statement of undisputed facts submitted by appellee, which included relevant citations to the record.  Based on those statements, it concluded that appellee was entitled to judgment as a matter of law and granted summary judgment.  Appellant argues, not that substantive error was committed, but that the district court failed to write a sufficiently elaborate essay.

Much of appellant's argument rests on an overreading of Vermont Teddy Bear.  That decision involved a pro se defendant

9

who failed to oppose a Rule 56 motion and had a judgment entered against him that included, <u>inter</u> <u>alia</u>, a permanent injunction, statutory damages of $150,000, and reimbursement for litigation expenses.  373 F.3d at 243.  Although the legal claims involved multi-factor balancing tests, the district court had simply endorsed the notice of motion as granted, with slight modifications.  <u>Id.</u>  We vacated and remanded.  <u>Id.</u> at 247.

We do not quarrel with <u>Vermont Teddy Bear</u>.  We simply hold that it has no bearing on this case.

First, <u>Vermont Teddy Bear</u> involved a <u>pro</u> <u>se</u> litigant, and we are less demanding of such litigants generally, particularly where motions for summary judgment are concerned.  <u>See</u> <u>Ruotolo v. IRS</u>, 28 F.3d 6, 8 (2d Cir. 1994) (district court "should have afforded [<u>pro</u> <u>se</u> litigants] special solicitude before granting the . . . motion for summary judgment"); <u>Tracy v. Freshwater</u>, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing various forms of solicitude shown to <u>pro</u> <u>se</u> litigants).  Second, the district court decision appeared to be the equivalent of a default judgment.  Third, this court was left without a record sufficient for appellate review.  None of these critical elements is found in the present appeal.

First, appellant was represented by counsel during discovery and at the time of the motion for summary judgment.  Moreover, counsel responded to the motion, and the motion was fully

10

submitted before the conflict with appellant over discovery developed. Therefore, the concern we show over ensuring that a pro se litigant understands the stakes in such a motion, see Ruotolo, 28 F.3d at 8 ("The failure of a district court to apprise pro se litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal."), is simply irrelevant in the present matter.[3]

Second, there is nothing in the record of this matter that suggests that the district court was entering a default judgment. The motion for summary judgment complied with Rule 56 and, unlike the circumstances in Giannullo v. City of New York, 322 F.3d 139, 142 (2d Cir. 2003), each statement of proposed undisputed facts was supported by a citation to the record sufficient to prove

---

[3]We also note that, in Vermont Teddy Bear, the pro se was a defendant who had had a serious judgment entered against him. A grant of summary judgment to a plaintiff who bears the burden of proof of material facts must be supported by a strong proffer of evidence. The evidentiary proffer accompanying the motion must show the lack of any dispute of material facts that the plaintiff-movant has the burden of proving and that those undisputed facts entitle the plaintiff-movant to judgment. A defendant, of course, takes a risk in not responding to such a motion but may still prevail because Rule 56 requires the court to examine and verify that the plaintiff-movant's submission suffices to support an entry of judgment. Vt. Teddy Bear, 373 F.3d at 244 (citing Amaker, 274 F.3d at 681).
    However, where, as here, a defendant moves for summary judgment against a plaintiff who bears the burden of proving the factual elements of the claims asserted, the risk of a plaintiff not opposing a motion in whole or in part is even greater. To be sure, the district court must examine the defendant-movant's submission for evidentiary and legal sufficiency. But when a defendant-movant submits an evidentiary proffer sufficient to defeat a claim, a plaintiff who bears the burden of proof cannot win without proffering evidence sufficient to allow a trier of fact to find in its favor on each fact material to its claim(s). See Powell v. Nat'l Bd of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir. 2004) (once defendant-movant "demonstrates an absence of a genuine issue of material fact," plaintiff bears burden of production to show "specific facts showing that there is a genuine issue for trial" for each such fact). The present appeal is from the grant of just such a defendant's motion.

11

each such fact.  Appellant, who bore the burden of proving the facts essential to each of her claims, made no proffer with regard to any of her claims except for the retaliation claim. The district court noted that its review of FedEx's statements of undisputed facts confirmed the lack of any dispute of material facts with regard to the non-retaliation claims.  The court's use of the term "unopposed" does not necessarily suggest a default rationale; it simply reflects the plain consequences of an appellant's failing to make a sufficient response to a properly supported Rule 56 motion.

Moreover, there is a relevant distinction to be drawn between fully unopposed and partially opposed motions for summary judgment in counseled cases.  While the opponent to such a motion is free to ignore it completely, thereby risking the admission of key facts and leaving it to the court to determine the legal merits of all claims or defenses on those admitted facts, a partial opposition may imply an abandonment of some claims or defenses.  Generally, but perhaps not always, a partial response reflects a decision by a party's attorney to pursue some claims or defenses and to abandon others.  Pleadings often are designed to include all possible claims or defenses, and parties are always free to abandon some of them.  Moreover, preparation of a response to a motion for summary judgment is a particularly appropriate time for a non-movant party to decide whether to

12

pursue or abandon some claims or defenses. Indeed, Rule 56 is known as a highly useful method of narrowing the issues for trial.

Where abandonment by a counseled party is not explicit but such an inference may be fairly drawn from the papers and circumstances viewed as a whole, district courts may conclude that abandonment was intended. Such an inference would have been proper here. Appellant's counsel responded to each of Fed Ex's proposed undisputed facts; appellant's opposition brief noted that "discovery has yielded the existence of issues of fact with respect to one . . . claim[];" and the brief argued only that summary judgment should be denied as to that one claim.

In contrast, Vermont Teddy Bear involved a motion totally unopposed by a pro se party, and the district court's failure to analyze any of the complex legal and factual issues suggested that it had entered a default judgment. Moreover, even if a partial response had been made in Vermont Teddy Bear, an examination of the legal validity of an entry of summary judgment should have been made in light of the opposing party's pro se status.

Rule 56 also requires that a grant or denial of summary judgment is accompanied by an explanation. Fed. R. Civ. P. 56(a). However, absent some indication of a material issue being overlooked or an incorrect legal standard being applied, we do

13

not require district courts to write elaborate essays using talismanic phrases.  See, e.g., United States v. Cossey, 632 F.3d 82, 87 (2d Cir. 2011) ("strong presumption" on review of sentencing that the district court "considered all arguments properly presented to [it], unless the record clearly suggests otherwise"); cf. In re Mazzeo, 167 F.3d 139, 142 (2d Cir. 1999) (Fed. R. Civ. P. 52(a) explanation of reasoning does not require "punctilious detail or slavish tracing of the claims issue by issue and witness by witness" (internal quotations and alterations omitted)); Badgley v. Santacroce, 815 F.2d 888, 889 (2d Cir. 1987) (same).  All that is required is a record sufficient to allow an informed appellate review, the subject to which we now turn.

Unlike Vermont Teddy Bear, the record here is easily sufficient to allow an informed appellate review.  Appellant's non-retaliation claims did not turn on multi-factor balancing legal tests or mixed issues of fact or law on which the movant bore the burden of proof.  Here, the district court's legal reasoning is perfectly obvious.  Even a cursory examination of the record reveals that plaintiff's case, apart from the retaliation claim, collapsed with her deposition.  Plaintiff's deposition testimony contradicted important allegations in her complaint, e.g., she testified that she never heard Sylvester use

14

a racial epithet,[4] did not believe that her termination was based on race or age, was not denied medical leave, was simply asked about her expectations for returning to work when on that leave, and was not asked to do work that her injury prevented.  Most of the critical facts asserted by FedEx as undisputed were, therefore, referenced to appellant's deposition testimony.

In such a case, there is no need for a district court to robotically replicate the defendant-movant's statement of undisputed facts and references to the record or otherwise serve as an assistant to our law clerks.  See Miranda v. Bennett, 322 F.3d 171, 175, 177 (2d Cir. 2003) ("an opinion or lengthy order" is not required in every case, and review will proceed even in the face of inadequate findings by the district court "if we are able to discern enough solid facts from the record to permit us to render a decision" (quotations omitted)).  After all, we have our own responsibility to independently confirm the lack of a genuine dispute of material facts.  Moreover, our review of a grant of a motion for summary judgment is de novo, leaving a non-movant-appellant free to point out any perceived deficiencies in the movant-appellee's summary judgment papers, and, there being no findings of fact subject to Rule 52(a)(6) plain error review,

---

[4]Contrary to the allegations in the complaint, appellant specifically denied hearing Sylvester "say anything that was racially derogatory or racially prejudiced or biased."  She did mention one individual who allegedly "heard [Sylvester] use the racial N word, something like that," but her deposition failed to identify a single admissible, non-hearsay-based incident of racially derogatory language.

15

leaving this court free to correct legal errors. None have been identified in the present matter.

To sum up, when a party, whether pro se or counseled, fails to respond to an opponent's motion for summary judgment, a district court may not enter a default judgment. Rather, it must examine the movant's statement of undisputed facts and the proferred record support and determine whether the movant is entitled to summary judgment. Where a partial response to a motion is made -- i.e., referencing some claims or defenses but not others -- a distinction between pro se and counseled responses is appropriate. In the case of a pro se, the district court should examine every claim or defense with a view to determining whether summary judgment is legally and factually appropriate. In contrast, in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned. In all cases in which summary judgment is granted, the district court must provide an explanation sufficient to allow appellate review. This explanation should, where appropriate, include a finding of abandonment of undefended claims or defenses.

In the present matter, therefore, the process contemplated by Rule 56 has thus been satisfied with regard to dismissal of the non-retaliation claims.

16

b) <u>Reopening Discovery</u>

We also affirm the district court's decision to deny appellant's <u>pro</u> <u>se</u> motion to reopen discovery. We will reverse a district court's ruling regarding discovery only "upon a clear showing of an abuse of discretion." <u>In re DG Acquisition Corp.</u>, 151 F.3d 75, 79 (2d Cir. 1998).

Relying on <u>Dunton v. County of Suffolk</u>, 729 F.2d 903 (2d Cir. 1984), <u>as amended</u>, 748 F.2d 69 (2d Cir. 1984), appellant argues that the district court abused its discretion in not reopening discovery when it learned of a conflict between appellant and her attorney. However, in <u>Dunton</u>, there was an ongoing conflict of interest between a defendant and his attorney, who also represented the municipality. The defendant denied that he had a strong interest in avoiding personal liability under 42. U.S.C. § 1983 by arguing that he was acting within the scope of his official duties, while the municipality had a strong interest in avoiding liability under <u>Monell</u> by arguing that he was acting on personal motives. <u>Id.</u> at 908-09.[5]

---

[5]In <u>Dunton</u>, a municipality provided counsel to a police officer who, upon seeing his wife engaged in illicit behavior in a car with another man, pulled the man from the vehicle and beat him up. The officer in <u>Dunton</u> alleged a current conflict of interest. He argued that, while it would have been in his best interest to assert that he was entitled to qualified immunity from Section 1983 liability because he was acting within the scope of his duties, his attorney "repeatedly stat[ed] that [the officer] acted not as a police officer but as an 'irate husband.'" 729 F.2d at 907. The officer argued that counsel, in doing so, was motivated to show that the officer was not acting within the scope of his duties to avoid <u>Monell</u> liability for the municipality. <u>Id.</u> at 907 (citing <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658 (1978)). We held that there was an "imminent threat of serious conflict,

17

The situation here, however, is a disagreement over legal tactics, not a conflict of interest. Appellant's attorney never represented FedEx, and no motives-based conflict as in Dunton has been alleged.

Even if a client does have a disagreement with her attorney on a matter such as the conduct of discovery, "all litigants are 'bound by the concessions of freely retained counsel.'" Bergerson v. N.Y. State Office of Mental Health, 652 F.3d 277, 289 (2d Cir. 2011) (quoting Hoodho v. Holder, 558 F.3d 184, 192 (2d Cir. 2009); see also Link v. Wabash R.R. Co., 370 U.S. 626, 634 (1962) ("[In] our system of representative litigation . . . each party is deemed bound by the acts of his lawyer-agent."). Therefore, the district court correctly treated the pro se motion as belatedly seeking to reopen discovery.

There was no abuse of discretion in the denial of the motion. Appellant and her attorney had seven months to conduct discovery. See Burlington Coat Factory Warehouse Corp. v. Espirit De Corp., 769 F.2d 919, 927 (2d Cir. 1985) (when a party has "ample time in which to pursue the discovery that it now claims is essential," a district court has broad discretion to deny a request for further discovery); see also Fed. R. Civ. P. 26(b)(2)(C)(ii) (court "must" limit scope of discovery where "the

[and] disqualification would have been appropriate here even before any proceedings began." Id.

18

party seeking discovery has had ample opportunity to obtain the information by discovery in the action"). The scheduled time for discovery was over, and a fully briefed motion for summary judgment was pending when the request to reopen was made. A reopening under those circumstances would seriously undermine the orderly scheduling of discovery and summary judgment motions.

Moreover, no extra time would have produced the timecards appellant requested because FedEx previously represented that they did not have such materials. Finally, the hoped-for-tripping-up of Sylvester was the legal equivalent of a potentially counterproductive -- in the revelation of more adverse evidence -- lottery ticket of little value.

Appellant also argues that the district court abused its discretion by only briefly stating its reasons for denying the motion to reopen discovery. We again disagree. The district court "substantially" adopted FedEx's reasons for denying the motion: (i) the motion was untimely, filed nine months after the close of discovery and well past the scheduling order's deadlines; (ii) it "fail[ed] to demonstrate good cause for reopening discovery"; and (iii) the motion was futile. However, a district court is not required to "write an opinion or lengthy order in every case," and a court may "properly adopt a party's arguments on a given issue instead of issuing an order setting out a free-standing elaboration of the court's views." Miranda,

322 F.3d at 177. The court did not abuse its discretion in denying the request or in not elaborating on the obvious reasons for denying it.[6]

## CONCLUSION

For the reasons stated, we affirm.

---

[6]Appellant's request that, if we remand, we also vacate the district court's November 2012 grant of summary judgment on the retaliation claim is denied as moot.