14-396-cv
Sloan v. United Technologies Corp.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand fifteen.

PRESENT: REENA RAGGI,
RICHARD C. WESLEY,
GERARD E. LYNCH,
    *Circuit Judges.*
----------------------------------------------------------------------
MICHAEL SLOAN,
    *Plaintiff-Appellant*,

    v.           No. 14-396-cv

UNITED TECHNOLOGIES CORP., DBA United Technologies Research Center,
    *Defendant-Appellee.*
----------------------------------------------------------------------

FOR APPELLANT:    Michael Sloan, pro se, West Hartford, Connecticut.

FOR APPELLEE:    Glenn William Dowd, Day Pitney LLP, Hartford, Connecticut; Howard Fetner, Day Pitney LLP, New Haven, Connecticut.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Alfred V. Covello, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 13, 2014, is AFFIRMED.

Plaintiff Michael Sloan, proceeding pro se, appeals from an award of summary judgment in favor of defendant United Technologies Corp. on Sloan's claims of racially discriminatory discharge under Title VII of the Civil Rights Act of 1964.[1]  See 42 U.S.C. § 2000e et seq.  We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we discuss only as necessary to explain our decision to affirm.

We review a grant of summary judgment de novo, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor."  Cox v. Warwick Valley Cent. Sch. Dist., 654 F.3d 267, 271 (2d Cir. 2011).  Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

---

[1]  Sloan points to no error in the district court's dismissal of his parallel claim under the Connecticut Fair Employment Practice Act, see Conn. Gen. Stat. § 46a-58 et seq. Accordingly, we deem any such argument abandoned and do not address the state-law claim.  See Liranzo v. United States, 690 F.3d 78, 97 (2d Cir. 2012).  In any event, the district court did not err in concluding that sections 46a-58 and 46a-60 of that law afford him no private cause of action independent of section 46a-100, which requires exhaustion before the Connecticut Commission on Human Rights and Opportunities ("CHRO"). See Sullivan v. Bd. of Police Comm'rs, 196 Conn. 208, 215–16 (1985) (stating that plaintiff who fails to follow prescribed administrative route for claim of discrimination lacks statutory authority to pursue that claim).

2

56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted); accord Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Historic Dist. Comm'n, 768 F.3d 183, 192 (2d Cir. 2014).

Here, an independent review of the record and relevant case law reveals that the district court correctly granted summary judgment for defendant on Sloan's federal claim. For essentially the reasons stated by the district court, we conclude that Sloan failed to adduce evidence sufficient to admit a finding that his discharge occurred "in circumstances giving rise to an inference of discrimination," as required to carry his prima facie burden under Title VII. Kirkland v. Cablevision Sys., 760 F.3d 223, 225 (2d Cir. 2014) (analyzing Title VII claims under burden-shifting standard of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). The stray remarks cited by plaintiff were either facially race neutral or too removed from plaintiff's discharge to support an inference of discriminatory causation. See generally Henry v. Wyeth Pharm., Inc., 616 F.3d 134, 149–50 (2d Cir. 2010) (discussing factors to consider in determining probative value of stray remarks); Tomassi v. Insignia Fin. Grp., 478 F.3d 111, 115 (2d Cir. 2007) (holding that remarks by someone other than decision maker "may have little tendency to show that the decision-maker was motived by the discriminatory sentiment expressed in the remark"), abrogated on other grounds by Gross v. FBL Fin. Servs., Inc., 557 U.S.

3

167, 177–78 (2009).   On this record, no rational finder of fact could find that plaintiff was discharged as a result of racial discrimination.[2]

We have considered plaintiff's remaining arguments, and we conclude that they are without merit.   Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] We decline to consider the new evidence plaintiff raises for the first time on appeal. Our review is generally limited to "the original papers and exhibits filed in the district court."   Fed. R. App. P. 10(a)(1); see Loria v. Gorman, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002) ("Ordinarily, material not included in the record on appeal will not be considered.").   Plaintiff contends that his attorney failed to include this evidence in the record below, but such failure is not an "extraordinary circumstance[]" that would warrant an exception to our general rule.   IBM Corp. v. Edelstein, 526 F.2d 37, 45 (2d Cir. 1975); see Jackson v. Fed. Express, 766 F.3d 189, 198 (2d Cir. 2014) (a party is "bound by the concessions of [his] freely retained counsel" (internal quotation marks omitted)).