14-1425-cv
*Lamberti v. Motorola Solutions, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand fifteen.

PRESENT:
>    ROBERT D. SACK,
>    BARRINGTON D. PARKER,
>    SUSAN L. CARNEY,
>        *Circuit Judges.*

————————————————————————————————

CHARLES P. LAMBERTI,

>    *Plaintiff-Counter-Defendant-Appellant*,

>        v.                                   No. 14-1425-cv

MOTOROLA SOLUTIONS, INC., ROBERT SANDERS, AND JESSICA MICCICHE,

>    *Defendants-Counter-Claimants-Appellees.**

————————————————————————————————

FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLANT:                   CHARLES P. LAMBERTI, pro se,
                                       Port Jefferson Station, NY.

---

\* The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

FOR DEFENDANTS-COUNTER-
CLAIMANTS-APPELLEES:                    PAUL H. GALLIGAN (Jacob Oslick,
                                        *on the brief*), Seyfarth Shaw LLP, New
                                        York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 26, 2014 judgment is **AFFIRMED**.

Charles P. Lamberti, proceeding pro se, appeals the District Court's grant of defendants' motion for summary judgment. Lamberti brought employment discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* The District Court granted summary judgment on the ground that Lamberti knowingly and voluntarily signed a valid and enforceable waiver of his claims against defendants as part of a severance package. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review a district court's grant of summary judgment de novo, drawing in the non-moving party's favor all reasonable factual inferences grounded in the record. *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 143 (2d Cir. 2013). Summary judgment in favor of the movant is appropriate only when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Jackson v. Fed. Express*, 766 F.3d 189, 193–94 (2d Cir. 2014). When deciding a defendant's motion for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Both Title VII and the ADEA will permit enforcement of an employee's waiver of statutory claims against his employer only if the waiver is "knowing and voluntary." *See*

2

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 438 (2d Cir. 1998) (Title VII claims); *Powell v. Omnicom*, 497 F.3d 124, 131 (2d Cir. 2007) (ADEA claims). In the Title VII context, we employ a "totality of the circumstances" test to assess the "knowing and voluntary" quality of such a waiver. *See Livingston*, 141 F.3d at 438. When applying this test, relevant factors include:

> 1) the plaintiff's education and business experience, 2) the amount of time the plaintiff had possession of or access to the agreement before signing it, 3) the role of plaintiff in deciding the terms of the agreement, 4) the clarity of the agreement, 5) whether the plaintiff was represented by or consulted with an attorney, and 6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.

*Id.* (internal quotation marks omitted). In the ADEA context, the Older Workers Benefit Protection Act, 29 U.S.C. § 626(f), "provides specific statutory requirements for a 'knowing and voluntary' waiver that the employer must meet in order for an employee to waive his ADEA claims." *Powell*, 497 F.3d at 131. One such requirement is that an employee be "advised in writing to consult with an attorney prior to executing" the waiver. 29 U.S.C. § 626(f)(1)(E).

An independent review of the record confirms that Lamberti raises no genuine issue of material fact regarding whether his waiver of claims against defendants was "knowing and voluntary" under either Title VII or the ADEA. Even if, as Lamberti alleges, his employer had a "standard practice" of offering terminated employees severance packages, Supplemental App. 68, Lamberti has not offered any evidence that he was "already entitled" to the payments he received as part of his severance, *see Livingston*, 141 F.3d at 438; 29 U.S.C. § 626(f)(1)(D). Lamberti also concedes that, although he chose not to do so, his employer advised him, in writing, to consult an attorney before signing the waiver. *See* Supplemental App. 71–72; *see also Livingston*, 141 F.3d at 438 (noting that courts may consider "whether the employer encouraged the employee to consult an attorney" when conducting the "totality of the circumstances" test); 29 U.S.C. § 626(f)(1)(E). For these reasons, as well as others stated in

3

the District Court's thorough and well-reasoned opinion and order, we conclude that the District Court did not err in granting summary judgment for defendants.

We have considered all of Lamberti's remaining arguments and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court