19-1636-cv
Binn v. Bernstein

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand twenty.

PRESENT:  RAYMOND J. LOHIER, JR.,
            JOSEPH F. BIANCO,
            MICHAEL H. PARK,
                *Circuit Judges.*

------------------------------------------------------------------

MORETON BINN, MARISOL F, LLC,

        *Plaintiffs-Appellants,*

        v.                                          No. 19-1636-cv

BRUCE T. BERNSTEIN, RICHARD K. ABBE, ANDREW D. PERLMAN, SALVATORE GIARDINA, ANDREW R. HEYER, DONALD E. STOUT, JOHN ENGELMAN, FORM HOLDINGS CORP.,

        *Defendants-Appellees.*

----------------------------------------------------------------

FOR APPELLANTS:                    ROSANNE E. FELICELLO, Felicello Law P.C. (Michael James Maloney, CKR Law LLP, *on the brief*), New York, NY.

FOR APPELLEES BERNSTEIN, ABBE, GIARDINA, HEYER, STOUT, ENGELMAN, AND FORM HOLDINGS CORPORATION:                    FRANCIS J. EARLEY (Ellen Shapiro, John P. Sefick, Adam L. Sisitsky, *on the brief*), Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., New York, NY, and Boston, MA.

FOR APPELLEE ABBE:                    SANDEEP SAVLA (Christopher J. Clark, *on the brief*), Latham & Watkins LLP, New York, NY.

FOR APPELLEE PERLMAN:                    IAN M. DUMAIN (Jaime D. Sneider, *on the brief*), Boies Schiller Flexner LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Louis L. Stanton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs-Appellants Moreton Binn and Marisol F, LLC appeal from decisions of the District Court (Stanton, J.) dismissing certain state law claims under Rule 12(b) of the Federal Rules of Civil Procedure, denying discovery,

2

granting summary judgment to the defendants on the remaining securities and contract claims against them, and denying the plaintiffs' cross-motion for partial summary judgment. The plaintiffs' claims stem from a December 2016 merger between Form Holdings, Corp. and XpresSpa Holdings, LLC, a brand of airport spas founded by Moreton Binn and his wife, Marisol Binn. The plaintiffs sued Form Holdings and individual members of the boards of directors of XpresSpa and Form Holdings for alleged misrepresentations and failures to disclose material facts in connection with the merger, in violation of the Securities Act of 1933, 15 U.S.C. § 77*l*(a)(2), the Securities and Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), Rule 10b-5, 17 C.F.R. § 240.10b-5, and New York state contract and common law. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review <u>de novo</u> a district court's rulings on a motion to dismiss and on summary judgment. <u>Stratte-McClure v. Morgan Stanley</u>, 776 F.3d 94, 99–100 (2d Cir. 2015); <u>FIH, LLC v. Found. Capital Partners LLC</u>, 920 F.3d 134, 140 (2d Cir. 2019). We will reverse a district court's discovery ruling "only upon a clear

3

showing of an abuse of discretion." Jackson v. Fed. Express, 766 F.3d 189, 198 (2d Cir. 2014) (quotation marks omitted).

We first consider the dismissal of the state common law claims. We agree with the District Court that these claims fell within the plain language of a release clause included in the Joinder Agreement. The plaintiffs argue on appeal that the District Court should not have dismissed the claims because, under New York law, such claims are permitted despite a release if a separate fraud induced the release itself. See Pappas v. Tzolis, 20 N.Y.3d 228, 233–34 (2012). We conclude that the plaintiffs waived this argument by taking a contrary position before the District Court. In opposing the motion to dismiss, the plaintiffs did not argue that a separate fraud induced the release, but rather that the false representations "provided as consideration for the release" were the same "false representations made by Defendants, which form[ed] . . . the basis of Plaintiff's claims." Br. in Opp'n to Mot. to Dismiss at 5, Binn v. Bernstein, No. 1:17-cv-08594-LLS (S.D.N.Y. Mar. 26, 2018), ECF No. 61. We therefore affirm the District Court's dismissal of these claims.

4

We also affirm the District Court's discovery rulings. The District Court denied discovery pending the filing of a Second Amended Complaint and motion for summary judgment but granted the plaintiffs an opportunity to seek discovery under Rule 56 of the Federal Rules of Civil Procedure. The plaintiffs were thus permitted to seek discovery by submitting an affidavit or declaration in opposition to summary judgment stating the "specified reasons[] [they] cannot present facts essential to justify [their] opposition" absent discovery. Fed. R. Civ. P. 56(d). In response, the plaintiffs made only broad, generalized requests for unspecified forms of discovery related to almost every paragraph in the defendants' Rule 56.1 statement. This fell below the level of specificity required by Rule 56(d), and it was not an abuse of discretion for the District Court to deny discovery on that basis. See Alphonse Hotel Corp. v. Tran, 828 F.3d 146, 151–52 (2d Cir. 2016).

Finally, we turn to the District Court's summary judgment rulings. Each of the plaintiffs' claims required the identification of an actionable misstatement or material omission of fact attributable to one or more of the defendants. See Stratte-McClure, 776 F.3d at 100; Litwin v. Blackstone Grp., L.P., 634 F.3d 706,

5

715–16 (2d Cir. 2011); see also 15 U.S.C. § 78t(a); Appellants' Br. 44–45. As an initial matter, we conclude that the plaintiffs abandoned claims based on many of the alleged misrepresentations discussed in the District Court's May 22, 2019 opinion and order by failing to make any substantive arguments in support of those claims in their briefs on appeal. Accordingly, we consider only the allegations of misstatements and omissions that were not abandoned on appeal: that the defendants (1) failed to disclose alleged quid pro quo agreements made with defendants Andrew Heyer and Andrew Perlman in exchange for their support in the merger; (2) failed to disclose defendant Richard Abbe's financial interest in a senior secured note (the "Rockmore Note") that would be guaranteed by Form Holdings post-merger; (3) misrepresented that a majority of Form Holdings' board would qualify as independent post-merger; (4) failed to disclose the defendants' numerous and overlapping business relationships; and (5) misrepresented that the Rockmore Note would be paid off immediately.

We agree with the District Court that the plaintiffs failed to raise a genuine dispute of material fact on any of these alleged misrepresentations or omissions. The undisputed fact that Perlman and Heyer received certain benefits after the

6

merger closed, including compensation pursuant to a pre-existing employment agreement and an equity plan applicable to all board members, does not support the plaintiffs' conclusory assertion, without admissible evidence, that either had entered into a secret quid pro quo before the merger closed.

The plaintiffs similarly offer no factual evidence to support their bare allegation that Abbe's indirect, minority interest in the Rockmore Note would have "significantly altered the total mix of information" available, Basic Inc. v. Levinson, 485 U.S. 224, 231–32 (1988) (quotation marks omitted), especially since defendant Bruce Bernstein's controlling interest in the same Rockmore Note was repeatedly disclosed.

Nor are we persuaded by the plaintiffs' arguments challenging the District Court's dismissal of claims arising from the representation that a majority of board members post-merger would qualify as independent directors. First, the plaintiffs failed to offer any admissible, non-speculative lay or expert evidence that the failure to disclose the overlapping membership of individual defendants on boards of other companies would impair the exercise of their independent business judgment. Second, under the circumstances of this case, the plaintiffs

7

failed to show that the defendants were otherwise obligated to further disclose board membership information that was already in the public domain through public filings with the Securities and Exchange Commission (SEC). See Rodman v. Grant Found., 608 F.2d 64, 70 (2d Cir. 1979) ("In determining whether . . . [there was] full and adequate disclosure, [courts] properly [take] into account information already in the public domain and facts known or reasonably available to the shareholders . . . .").

Finally, the plaintiffs could not have justifiably relied on any promise that the Rockmore Note would be immediately paid off because the defendants disclosed in SEC filings, including a registration statement on Form S-4 filed in September 2016, that the Rockmore Note would "remain outstanding as an obligation of XpresSpa." App'x 1055.

We have considered the plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:<br>Catherine O'Hagan Wolfe, Clerk of Court