19-3534-cv
Moccia v. Saul

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand twenty.

PRESENT: BARRINGTON D. PARKER,
REENA RAGGI,
  *Circuit Judges.*[1]

_____

DIANE MOCCIA,

  *Plaintiff-Appellant*,

v.                                                              No. 19-3534-cv

ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

  *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          Chauncey D. Henry, Esq., Henry Law, Garden City, New York.

---

[1] Judge José A. Cabranes, a member of the original panel, subsequently recused himself. Therefore, this case is decided by the two remaining members of the panel pursuant to Internal Operating Procedure E(b) of the United States Court of Appeals for the Second Circuit.

FOR DEFENDANT-APPELLEE:  Natasha W. Teleanu and Benjamin H. Torrance, Assistant United States Attorneys, *Of Counsel*, *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Richard M. Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on September 23, 2019 is **AFFIRMED**.

Plaintiff Diane Moccia appeals from an award of summary judgment granted to Defendant Social Security Commissioner Andrew M. Saul on Moccia's claims of employment discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34. Moccia's single argument on appeal is that the district court erred in granting defendant summary judgment without affording her additional discovery under Fed. R. Civ. P. 56(d).[2] In addressing this argument, we assume the parties' familiarity with the facts and procedural history of this case, which we discuss only as necessary to explain our decision to affirm.

We review a district court's discovery rulings, including those under Fed. R. Civ. P. 56(d), for abuse of discretion, which we identify only if the district court's "decision rests on an error of law . . . or a clearly erroneous factual finding" or "cannot be located

---

[2] The rule states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time . . . to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

2

within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001); *accord Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016).

Moccia argues that the district court abused its discretion when it denied her Rule 56(d) request for (1) the personnel files of her replacements, in support of her disparate treatment claim, and (2) comparator data for Social Security Administration ("SSA") decision writers, in support of her disparate treatment and disparate impact claims.[3] It is well established that "the trial court may properly deny further discovery" under Rule 56(d) "if the nonmoving party has had a fully adequate opportunity for discovery." *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (internal citations omitted). We discern no abuse of discretion in the district court's denial. The district court here observed that Moccia's Rule 56(d) request was filed months after the close of discovery and raised the same arguments as her earlier motions to compel, which two magistrate judges denied for reasons falling well within their discretion.

*First*, with respect to Moccia's request for her replacements' personnel files, the SSA had already stated in response to Moccia's earlier discovery requests that the agency had hired no replacement for Moccia. Indeed, an agency witness deposed by Moccia's counsel later confirmed that fact, and Moccia has not explained why she believes any responsive materials exist. *See, e.g.*, *Alphonse Hotel Corp. v. Tran*, 828 F.3d at 151–52 (rejecting Rule 56(d) challenge to award of summary judgment by party who failed to explain basis to think requested documents existed).

---

[3] Moccia does not argue that the district court's denial of her Rule 56(d) request affected either her retaliation or her hostile work environment claims.

3

*Second*, with respect to Moccia's request for comparator data, the district court observed that two magistrate judges reasonably exercised discretion in denying as "extremely overbroad" Moccia's requests for (1) demographic information of all SSA employees and (2) all documents containing statistical data relied on by Defendant. *Moccia v. Saul*, No. 16-cv-4007 (S.D.N.Y. Sept. 19, 2017), ECF No. 53 (docket entry). In so ruling, the magistrate judges—and the district judge thereafter—considered that the SSA in fact produced relevant responsive documents, including staffing charts identifying the SSA personnel who, like Moccia, worked as decision writers in the White Plains office both before and after Moccia's June 2016 retirement. *See, e.g.*, *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 561 (2d Cir. 1997) (rejecting argument that plaintiff in age discrimination action should have been allowed to conduct additional discovery, where defendant employer provided in discovery names and addresses of plaintiff's fellow trainees). Insofar as Moccia orally requested comparator data during depositions taken shortly before the close of discovery, a magistrate judge reasonably denied these requests on the ground that they could have been made earlier in the litigation. *See, e.g.*, *Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014).

In sum, because the record shows that Moccia had a "fully adequate opportunity for discovery" before defendant moved for summary judgment, the district court acted well within its discretion in granting that motion without affording Moccia further discovery

pursuant to Fed. R. Civ. P. 56(d).   *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d at 511.[4]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[4] Nor can Moccia urge otherwise by arguing that the district court's decision is infected by legal error in the magistrate judge's reliance on a case interpreting Rule 56(f) and not Rule 56(d).   As defendant correctly observes, the case at issue was decided before 2010, the year in which Rule 56(f) was re-designated as Rule 56(d).   *See* Fed. R. Civ. P. 56(d) advisory committee's note to 2010 amendment.