*Alicea v. City of Bridgeport*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand and twenty-five.

PRESENT:    Steven J. Menashi,
            Eunice C. Lee,
            Alison J. Nathan,
                    *Circuit Judges.*

_____

Maria Alicea,

        *Plaintiff-Appellant*,

        v.                                              No. 23-7435

City of Bridgeport, Bridgeport Police
Department, Officer Rivera, Officer
Granello, Officer Swix, Officer
Laracuente, Joe Doe, Officer Cruz, Jane
Doe,
        *Defendants-Appellees*.

_____

*For Plaintiff-Appellant*:                      MARIA MERCEDES ALICEA, pro se,
                                                Rocky Hill, CT.

*For Defendants-Appellees*: Raymond J. Rigat, John P. Bohannon, Jr., City Attorney's Office, Bridgeport, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, J.) entered on September 27, 2023.

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Maria Alicea, proceeding *pro se*, appeals from the judgment of the district court in favor of the City of Bridgeport, the Bridgeport Police Department, and five individual officers in her suit under 42 U.S.C. § 1983. Alicea alleged that, in the course of conducting a wellness check in July 2020, the defendants violated her rights under the First, Fourth, and Thirteenth Amendments. The defendants moved to dismiss the First and Thirteenth Amendment claims against all defendants and the Fourth Amendment claims against the City and the Police Department. The district court granted the motion. *See Alicea v. City of Bridgeport*, No. 21-CV-1147, 2022 WL 2527975, at *1 (D. Conn. July 7, 2022).

The individual officers later moved for summary judgment on the remaining Fourth Amendment claims. The district court construed the complaint as asserting Fourth Amendment claims based on (1) the officers' initial entry into Alicea's apartment, (2) the officers' re-entry into her apartment after she barricaded herself inside, and (3) the taking of Alicea to the hospital for evaluation. Alicea did not file a brief in opposition to the motion for summary judgment. The district court granted the motion, relying on the body camera footage that the officers submitted. *See Alicea v. City of Bridgeport*, No. 21-CV-1147, 2023 WL 5891146, at *1 (D. Conn. Sept. 11, 2023). Alicea appealed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

# I

"We review a district court's grant of summary judgment *de novo*." *Kravitz v. Purcell*, 87 F.4th 111, 118 (2d Cir. 2023). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* at 118-19 (internal quotation marks omitted). Although "[t]he non-moving party need not respond to the motion … a non-response runs the risk of unresponded-to statements of undisputed facts [proffered] by the movant being deemed admitted." *Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014) (citing Fed. R. Civ. P. 56(e)(2)). "Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Id.*

In this case, the district court admitted the officers' statements of material facts after ensuring that the statements were supported by sufficient record evidence. The district court relied on the officers' body camera footage and properly "viewed the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 381 (2007).

# II

On appeal, Alicea argues that the district court erred by granting summary judgment on her claims that the officers violated the Fourth Amendment through an unlawful entry, reentry, and involuntary hospitalization.[1] We address each issue in turn.

---

[1] Alicea does not challenge the dismissal of her claims under the First and Thirteenth Amendments or her claims against the City and the Police Department. Nor does she raise any arguments relating to the grant of summary judgment on her excessive force claim. "These issues are therefore abandoned." *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021).

## A

First, Alicea argues that the officers violated the Fourth Amendment by entering and remaining in the outdoor common areas of her apartment complex and by entering her apartment after her then-husband, Ramon Rios-Torres, opened the door. We disagree.

Alicea had no reasonable expectation of privacy in the outdoor common areas of the complex. *See United States v. Lewis*, 62 F.4th 733, 741 (2d Cir. 2023) (concluding that a defendant lacked "a reasonable expectation of privacy over the shared porch" absent additional "specific facts regarding the porch and his use of it"); *United States v. Jones*, 893 F.3d 66, 72-73 (2d Cir. 2018) (concluding that a defendant "had no legitimate expectation of privacy in the rear parking lot," which "was a common area accessible to other tenants," because "the parking lot was not subject to [his] exclusive control and was not within the curtilage of his home").

The officers also did not violate the Fourth Amendment when they first entered the apartment because they reasonably believed that they had consent to enter. "Consent may be express or implied," *United States v. Iverson*, 897 F.3d 450, 458 (2d Cir. 2018), and depends on whether "the facts available to the officer at the moment [would] warrant a man of reasonable caution in the belief that the consenting party had authority over the premises," *Illinois v. Rodriguez*, 497 U.S. 177, 188 (1990) (internal quotation marks omitted).

The officers reasonably believed that Rios-Torres had consented to their entry into the apartment and that he had the authority to do so. The officers arrived after Alicea's daughter called 911 and requested police assistance because her mother was acting "unstable and delusional." *Alicea*, 2023 WL 5891146, at *3 (internal quotation marks omitted). The daughter, who said she lived with Alicea, told the officers that Rios-Torres was Alicea's husband and lived with them in the apartment. The body camera footage shows that Rios-Torres opened the door for the officers and walked away without closing it, allowing the officers to enter the apartment. Rios-Torres did not object to the officers' presence in the apartment,

4

and the officers left as soon as Alicea objected to their entry. Under these circumstances, the initial entry did not violate the Fourth Amendment.

**B**

Second, Alicea argues that the officers violated the Fourth Amendment by reentering the apartment. We again disagree. Under the emergency aid exception to the warrant requirement, "law enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *Michigan v. Fisher*, 558 U.S. 45, 47 (2009) (internal quotation marks omitted). Such an entry is permitted if the officer has "an objectively reasonable basis for believing that an occupant is seriously injured or imminently threatened with such injury." *Brigham City v. Stuart*, 547 U.S. 398, 400 (2006).

In this case, the officers had an objectively reasonable basis to believe that Alicea was at risk of serious injury. The officers came to the apartment to conduct a welfare check on Alicea because of her daughter's concern for her well-being and safety. Alicea became increasingly agitated while the officers were outside her apartment. Alicea banged on the window, shouted obscenities at the officers and threw objects at them, smashed glass and scattered it on the ground outside her apartment, made a stabbing-like motion towards Rios-Torres with a long object, removed her clothing, moved items outside of her apartment to obstruct the entrance, and barricaded herself inside. After observing this conduct, the officers reasonably determined that an entry was necessary so they could transport Alicea to the hospital for an evaluation to protect herself and others.

**C**

Third, Alicea argues that the officers violated the Fourth Amendment by hospitalizing her involuntarily. "A warrantless seizure for the purpose of involuntary hospitalization may be made only upon probable cause, that is, only if there are reasonable grounds for believing that the person seized is dangerous to herself or to others." *Anthony v. City of New York*, 339 F.3d 129, 137 (2d Cir. 2003) (internal quotation marks omitted). Here, that standard was met. Given Alicea's

behavior, the officers reasonably believed that Alicea presented a risk of danger to herself or others. The substantial risk of danger became an actual and obvious danger when Alicea jumped out of the window and suffered severe injuries. The officers did not violate the Fourth Amendment by transporting her to the hospital for treatment.

*     *     *

We have considered Alicea's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court