16-414-cv
Estate of Timothy Devine v. Fusaro

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand seventeen.

PRESENT:   REENA RAGGI,
                      DENNY CHIN,
                      RAYMOND J. LOHIER, JR.,
                                *Circuit Judges*.

---------------------------------------------------------------------

ESTATE OF TIMOTHY DEVINE,
                                *Plaintiff-Appellant*,


                    v.                                                      No. 16-414-cv


LOUIS  FUSARO,  JR.,  STEVEN  RIEF,  MICHAEL AVERY, KEVIN COOK,
                                *Defendants-Appellees*.

---------------------------------------------------------------------

FOR APPELLANT:                           Hubert J. Santos, Trent A. LaLima, Law Offices of Hubert J. Santos, Hartford, Connecticut.


FOR APPELLEES:                           Matthew B. Beizer, Assistant Attorney General, *for* George Jepsen, Attorney General of the State of Connecticut, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey Alker Meyer, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 15, 2016, is AFFIRMED.

Plaintiff Estate of Timothy Devine ("the Estate") appeals from an award of summary judgment on the basis of qualified immunity in favor of defendants Louis Fusaro, Jr., Steven Rief, Michael Avery, and Kevin Cook (together, "Defendants"), members of the Connecticut police force's Emergency Services Unit, on claims that they used excessive force in violation of the Fourth Amendment when they attempted to end a standoff between police and an armed, suicidal Devine by detonating flash grenades and shooting him with rubber baton projectiles, whereupon Devine took his own life. *See* 42 U.S.C. § 1983. We review an award of summary judgment *de novo* and will affirm only if the record, viewed in the light most favorable to the non-movant, shows no genuine issue of material fact and the movant's entitlement to judgment as a matter of law. *See Jackson v. Fed. Express*, 766 F.3d 189, 193–94 (2d Cir. 2014). In conducting our review, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm substantially for the reasons stated by the district court. *See Estate of Timothy Devine v. Fusaro*, No. 3:14-cv-01019 (JAM), 2016 WL 183472 (D. Conn. Jan. 14, 2016).

1. Qualified Immunity

"Qualified immunity protects officials from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Morse v. Fusto*, 804 F.3d 538, 550 (2d Cir. 2015) (internal quotation marks omitted). To determine whether a defendant is

2

entitled to qualified immunity, courts ask whether the facts shown "make out a violation of a constitutional right" and "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The "clearly established" inquiry does not ask how courts or lawyers might have understood the state of the law at the time of the challenged conduct. Rather, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. at 202; *see Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (holding that "dispositive question is whether the violative nature of particular conduct is clearly established" (emphasis and internal quotation marks omitted)); *Terebesi v. Torreso*, 764 F.3d 217, 231 (2d Cir. 2014) (observing that, to determine if right is clearly established, court should consider "specificity with which a right is defined, the existence of Supreme Court or Court of Appeals case law on the subject, and the understanding of a reasonable officer in light of preexisting law"); *Walczyk v. Rio*, 496 F.3d 139, 154 (2d Cir. 2007) (observing that, if illegality of conduct would not be apparent to reasonable officer, defendant is entitled to immunity). Qualified immunity thus provides a broad shield for "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *accord Mullenix v. Luna*, 136 S. Ct. at 308; *Drimal v. Tai*, 786 F.3d 219, 225 (2d Cir. 2015) (reiterating *Malley* standard).

Even when we view the record in the light most favorable to the Estate, we conclude, as the district court did, that Defendants are entitled to qualified immunity

3

because the asserted right, *i.e.*, Devine's right to be free from less-than-lethal force in the circumstances, was not clearly established in the described circumstances. As the district court observed, three undisputed facts support that conclusion: (1) the police used force designed to be less-than-lethal, rather than deadly; (2) they used such force against a man reasonably believed to be suicidal and armed with a loaded gun while occupying public property; and (3) they used such force only after several hours of a standoff and negotiations that had not convinced Devine to surrender his gun.

In its reply brief, the Estate asserts that the focus of analysis ought to be whether "a non-threatening person in a mental health crisis who was passively non-responsive to police commands to surrender his weapon had the right to be seized by law enforcement without the use of less-than-lethal force." Appellant's Reply Br. 15. Even if this argument was properly before us, *see Bishop v. Wells Fargo & Co.*, 823 F.3d 35, 50 (2d Cir. 2016) (observing that issues raised for first time in reply brief are deemed waived and will normally not be considered on appeal), it fails because it minimizes the critical fact of Devine being armed with a deadly weapon. While the Estate maintains that Devine never intended to harm anyone other than himself, the possession of a firearm is nevertheless a volatile circumstance, made all the more so by Devine's refusal to surrender it and, thus, relevant to whether it was objectively reasonable for Defendants to believe that their actions were lawful.[1] *See Zalaski v. City of Hartford*, 723 F.3d 382, 389 (2d Cir. 2013).

---

[1] Insofar as the Estate points to various factual issues as to whether the stand-off might have been resolved by having Devine speak to a family member or by not switching

4

Insofar as the Estate points to evidence that one defendant asserted, prior to the use of rubber batons, that, if Devine shoots himself, "it would be an acceptable outcome, and it won't be on us," Appellant's Br. 11, we agree with the district court that such a subjective statement cannot determine whether a right is objectively clearly established in the circumstances presented for purposes of deciding qualified immunity. *See Anderson v. Creighton*, 483 U.S. at 641.

The Estate then points to a series of out-of-circuit cases to argue that Devine's right not to be subjected to rubber baton projectiles was clearly established. In none of these cases, however, were such projectiles used against a person who for hours refused to surrender a firearm that he continued to brandish. *See Glenn v. Washington County*, 673 F.3d 864, 866, 873 (9th Cir. 2011) (reversing summary judgment for defendant officers who had used beanbag shotgun and semiautomatic weapons, *i.e.*, deadly force, within four minutes of encountering distraught, intoxicated individual who was threatening to kill himself with pocketknife, distinguishing case from those in which decedents possessed "more dangerous weapon[s]," including guns); *Mercado v. City of Orlando*, 407 F.3d 1152, 1156, 1160–61 (11th Cir. 2005) (reversing summary judgment for officer who, at close range, fired rubber baton at head of plaintiff—considered deadly force—while plaintiff was armed only with knife); *Deorle v. Rutherford*, 272 F.3d 1272, 1275 (9th Cir. 2001) (reversing summary judgment for officer who had fired beanbag round into face of *unarmed*, mentally ill individual who was approaching officer); *see*

negotiators, we note simply that it points to no precedent clearly establishing that the use of the degree of force employed here before taking such action was clearly unconstitutional.

5

*also Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 526–27 (7th Cir. 2012) (reversing qualified immunity where police shot unarmed, not-resisting plaintiff with rubber batons). In sum, in none of the cited cases was the decedent or plaintiff brandishing a loaded firearm. Moreover, in none was the use of less-than-deadly force a strategy put into place after hours of negotiation had not disarmed plaintiff.

We accept as true the Estate's assertion that an interval of several minutes passed between the two rounds of rubber baton projectiles fired by Defendants, during which Devine stated, "[W]hat are you doing? . . . You guys are going to make me do this[.]" Appellant's Br. 12. But the Estate points to no law clearly establishing that, following such a statement, the firing of a second round of rubber batons in a less-than-lethal manner violated Devine's clearly established constitutional right to be free from excessive force.

We acknowledge the tragic circumstances of this case; nevertheless, because the law afforded the defendant officers no "fair and clear warning" that their conduct might violate Devine's constitutional rights, we affirm the qualified-immunity-based judgment. *Ashcroft v. al-Kidd*, 563 U.S. 731, 746 (2011) (Kennedy, J., concurring) (internal quotation marks omitted).

2.    <u>State-Law Claims</u>

The Estate challenges the district court's decision to decline to exercise supplemental jurisdiction over its state-law claims and to dismiss them without prejudice. We identify no abuse of discretion by the district court in that dismissal and, therefore, affirm. *See Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) ("In

6

general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." (internal quotation marks omitted)).

3.    Conclusion

We have considered the Estate's remaining arguments and conclude that they are without merit.    Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court