09-2317-cv
*D'Eredita v. ITT Industries*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of March, two thousand and ten.

PRESENT: RICHARD C. WESLEY,
         DEBRA ANN LIVINGSTON,
                  *Circuit Judges*
         RICHARD K. EATON,
                  *Judge.*[*]

---

STEVE D'EREDITA,

                  *Plaintiff-Appellant*,

         -v.-                              09-2317-cv

ITT CORPORATION,
GOULDS PUMPS, INC.,

                  *Defendants-Appellees.*[**]

---

FOR APPELLANT:    CHRISTINA A. AGOLA, Christina A. Agola,
                  Attorneys and Counselors at Law, PLLC,
                  Rochester, NY.

FOR APPELLEES:    JOSEPH S. BROWN, Hodgson Russ LLP,
                  Buffalo, NY.

---

[*] The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

[**] The Clerk of the Court is respectfully directed to amend the official caption in this action to conform with that of this order.

1

Appeal from the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Steve D'Eredita ("Appellant") appeals from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*), which granted summary judgment to the Defendants-Appellees ("ITT") and dismissed the Appellant's complaint in its entirety.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellant commenced this action by filing a complaint on April 5, 2007, alleging causes of action for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law, Executive Law Section 290.  Specifically, he alleges that ITT discriminated against him because of his dyslexia.  The parties have treated Appellant's claims as arising under the Americans with Disabilities Act, and the district court did likewise.  *D'Eredita v. ITT Industries*, No. 07-cv-6185, 2009 WL 1161618, at *1 (W.D.N.Y. Apr. 29, 2009).  We will do the same.

This Court reviews an order granting summary judgment *de novo* and asks whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).

We are unpersuaded by Appellant's argument that he was capable of performing the essential job functions of a Commercial Assembler without a reasonable accommodation. "A court must give considerable deference to an employer's judgment regarding what functions are essential for service in a particular position." *D'Amico v. City of New York,* 132 F.3d 145, 151 (2d Cir. 1998). Because ITT has shown that accuracy with speed is essential to the Commercial Assembler position at its Auburn facility – and the record is replete with evidence that Appellant was incapable of satisfying that standard – the district court was correct to hold that

Appellant was unable to perform his essential job functions without an accommodation as a matter of law.

Appellant next argues that he was capable of performing the essential functions of his job *with* a reasonable accommodation, and ITT neglected to extend such an accommodation. "Discrimination in violation of the ADA includes, *inter alia*, not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." *McBride v. BIC Consumer Prods. Mfg. Co., Inc.*, 583 F.3d 92, 96 (2d Cir. 2009) (internal quotation marks omitted). Appellant's argument fails because his proposed accommodations are not reasonable. *See Fink v. New York City Dep't of Personnel*, 53 F.3d 565, 567 (2d Cir. 1995). Moreover, ITT did extend a reasonable accommodation by permitting Appellant to bid on non-assembly jobs while continuing his medical benefits in the interim. *See, e.g., Jay v. Intermet Wagner, Inc.*, 233 F.3d 1014, 1017 (7th Cir. 2000). A reasonable accommodation "does not require the employer to provide every accommodation the disabled employee may request, so long as the accommodation provided is reasonable." *Fink*, 53 F.3d at 567.

Finally, Appellant's claim for retaliatory discrimination is meritless. There is nothing to indicate that ITT laid off Appellant due to his claims of discrimination; instead, the evidence is overwhelming that he was disciplined and transferred due to his persistent errors on the assembly line. And, while he argues that other employees who made similar mistakes were treated less harshly, Appellant has failed to demonstrate that those individuals were "similarly situated in all material respects." *See Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (internal quotation marks omitted). His claim was thus rightly dismissed by the district court.

We have considered the Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5