*D'Eredita v. ITT Water Technology*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> RALPH K. WINTER,
> GUIDO CALABRESI,
> > *Circuit Judges*.

---

STEPHEN M. D'EREDITA,

> *Plaintiff-Appellant*,

> v.                                                              No. 15-3935

ITT WATER TECHNOLOGY, INC.,[*]

> *Defendant-Appellee*,

---

For Plaintiff-Appellant:          Ryan C. Woodworth, The Woodworth Law Firm, Rochester, NY.

For Defendant-Appellee:           Joseph Scott Brown, Hodgson Russ LLP, Buffalo, NY.

---

[*] The Clerk of Court is respectfully directed to amend the caption to conform to the caption above.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Stephen M. D'Eredita appeals from the order and opinion of the United States District Court for the Western District of New York (Siragusa, *J.*) entered on November 6, 2015, granting the motion for summary judgment filed by Defendant-Appellee ITT Water Technology, Inc. ("ITT") and dismissing D'Eredita's complaint on all counts. *See D'Eredita v. ITT Corp.*, No. 11-CV-6575-CJS-MWP, 2015 WL 6801828 (W.D.N.Y. Nov. 5, 2015). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the district court's grant of summary judgment de novo. *See Jackson v. Fed. Express*, 766 F.3d 189, 197 (2d Cir. 2014). Summary judgment may be granted only if "there is 'no genuine issue as to any material fact' and 'the moving party is entitled to a judgment as a matter of law.'" *Cortes v. MTA N.Y. City Transit*, 802 F.3d 226, 230 (2d Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)); *see generally* Fed. R. Civ. P. 56(a).

Plaintiff-Appellant has brought claims against ITT alleging unlawful discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"). D'Eredita alleges that ITT refused to accommodate his dyslexia disability, terminated his employment as a result of his disability, and retaliated against him for filing an earlier 2004 charge with the Equal Employment Opportunity Commission ("EEOC") charging

2

ITT with unlawful discrimination and retaliation in violation of the ADA. That EEOC charge led to D'Eredita's first suit against ITT, which was resolved in ITT's favor at summary judgment by Judge Siragusa in 2009, *see D'Eredita v. ITT Indus.*, No. 07-CV-6185-CJS, 2009 WL 1161618 (W.D.N.Y. Apr. 29, 2009), and affirmed by summary order by this Court, *see D'Eredita v. ITT Corp.*, 370 F. App'x 139 (2d Cir. 2010).

D'Eredita here raises three issues on appeal, none of which warrants overturning the district court's grant of summary judgment for ITT. D'Eredita's first argument is that, pursuant to *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002), ITT should have reasonably accommodated D'Eredita by transferring him to one of several vacant positions to which he applied, notwithstanding the fact that ITT's labor agreement required the company to fill vacant spots with the senior most qualified applicant, a status which D'Eredita did not possess for any of the positions. *Barnett* places the burden squarely on the plaintiff to demonstrate that "special circumstances" warrant a departure from an established seniority policy. *Id.* at 405–06 ("[T]he plaintiff must bear the burden of showing special circumstances that make an exception from the seniority system reasonable in the particular case."). *Barnett* provided several illustrative examples of how a plaintiff might satisfy his burden. For instance, the plaintiff could provide evidence to show that the employer, "having retained the right to change the seniority system unilaterally, exercises that right fairly frequently, reducing employee expectations that the system will be followed." *Id.* at 405. Alternatively, the "plaintiff might show that the system already contains exceptions such that, in the circumstances, one further exception is unlikely to matter." *Id.*

Here, the record below indicates a single case in which there may have been an exception to the collective bargaining agreement's seniority system. Specifically, Job No. 1088 was

3

awarded to the candidate with the second greatest seniority. However, ITT's labor agreement awards positions to the senior most qualified employee who is physically able to do the job, and so it is not clear that ITT awarded the position in a manner that constituted an exception to its most qualified seniority system, since the record does not indicate whether the senior most candidate was equally qualified and also physically able to do the job. Regardless, however, a single exception as provided here falls short of establishing a genuine issue of material fact as to whether special circumstances may have existed. D'Eredita has not met his burden under *Barnett*, and so summary judgment was properly granted to ITT below.

Second, on appeal D'Eredita argues that the district court wrongly dismissed his claim that ITT retaliated against him during his suspension by limiting his interaction with the company and its management after D'Eredita visited the personal residence of a human resources director unannounced and uninvited, and also by later discharging him. ITT has provided "legitimate, nonretaliatory" reasons for both its October 21, 2009, suspension with intent of discharge and the limits ITT placed on D'Eredita's access to company facilities and personnel on April 1, 2010. *Cifra v. G.E. Co.*, 252 F.3d 205, 216 (2d Cir. 2001), and D'Eredita has failed to provide sufficient evidence to establish that "a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action." *Id.* (quoting *Sumner v. United States Postal Serv.*, 899 F.2d 203, 208–09 (2d Cir. 1990)). Because D'Eredita has not provided sufficient evidence to establish a genuine issue of material fact as to whether ITT's reasons were "merely a pretext for impermissible retaliation," *id.*, we uphold the district court's dismissal of his retaliation claim.

D'Eredita also argues that the district court wrongly held that his claims arising under the ADA were time barred for failure to bring suit within 300 days of filing his EEOC charge, as is

4

required under federal law. *See* 42 U.S.C. § 2000e-5(e)(1). Although the district court held that D'Eredita's ADA claims were time barred, "[s]ince NYSHRL claims are analytically identical to the ADA," the district court exercised supplemental jurisdiction and considered "D'Eredita's state-based discrimination and retaliation claims." *D'Eredita*, 2015 WL 6801828, at *5; *see also Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1177 (2d Cir. 1996). Because we uphold the district court's disposition on the merits of D'Eredita's substantively identical NYSHRL reasonable accommodation and retaliation claims, we need not decide whether the court properly concluded that D'Eredita's ADA reasonable accommodation and retaliation claims were in fact time barred.

We have considered all of D'Eredita's contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk