16-1195-cv
Garraway v. Griffin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand seventeen.

PRESENT:  PIERRE N. LEVAL,
          REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

------------------------------------------------------------------------
MARK GARRAWAY,
                    *Plaintiff-Appellant*,

          v.                                            No. 16-1195-cv

T. GRIFFIN, SUPERINTENDENT, M. SHEAHAN, ACT. SUP. & DEP. SUPT. OF SECURITY, S. SMITH, LAUNDRY SUPERVISOR, LT. T. EVANS, WATCH COMMANDER, SGT. G. BELZ, SGT. PULSIFER, C. O. M. SHUMAKER, C. O. J. EDGER, C. O. BRINK, C. O. ERWAY, DR. WELSEY CANFIELD, DR. B. OAKES, VONHAGN, NURSE ADMINISTRATOR, MCNETT, NURSE, J. CLEMENT, NURSE, J. JILLSON, NURSE, A. SCHUNK, P.A.,
                    *Defendants-Appellees*,

JOHN AND JANES DOES, SERGEANTS JOHN DOES 1 & 2, JOHN AND JANE DOES, MEDICAL STAFF AND DEPARTMENT NURSES, JANE DOES, MAILROOM SUPERVISOR AND STAFF,

1

CORRECTIONAL OFFICER JOHN DOES, J. MACKEY, C. WASHBURN, B. KRUSEN, J. VOLEVICH, NURSE,

*Defendants.*

------------------------------------------------------------------------

FOR APPELLANT:                    Mark Garraway, *pro se*, Malone, New York.

FOR APPELLEES:                    Patrick A. Woods, Assistant Solicitor General (Barbara D. Underwood, Solicitor General; Andrew Bing, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of Albany, New York, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 31, 2016, is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings.

Mark Garraway, *pro se*, appeals from the award of summary judgment to defendant corrections officers and prison officials on his claim under 42 U.S.C. § 1983 that he was confined under conditions violative of the Eighth Amendment. He alleges that defendants knowingly placed him in a cell with a feces-soiled mattress and refused to replace it despite his complaints. We review an award of summary judgment *de novo* and will affirm only if the record, viewed in the light most favorable to the non-movant, shows no genuine dispute of material fact and the movant's entitlement to judgment as a matter of law. *See Jackson v. Fed. Express*, 766 F.3d 189, 193–94 (2d Cir. 2014). We may affirm, however, on any ground supported by the record. *See Figueroa v. Mazza*, 825 F.3d 89, 99 (2d Cir. 2016). In conducting our review, we assume the parties'

2

familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm in part and vacate in part.

To state an Eighth Amendment claim in this context, a plaintiff must allege that "(1) objectively, the deprivation the inmate suffered was sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) subjectively, the defendant official acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (alteration and internal quotation marks omitted).

The objective element is satisfied by a showing that the plaintiff's "conditions . . . pose an unreasonable risk of serious damage to his health," which may include establishing a deprivation of "basic human needs such as . . . safe and sanitary living conditions." *Id.* (internal quotation marks omitted). Exposure to human waste can meet the objective element of a conditions-of-confinement Eighth Amendment claim depending on "both the duration and the severity of the exposure." *Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015); *see id.* at 66–68. Although defendants contest that Garraway was subject to a sufficiently serious deprivation, we agree with the district court that Garraway adduced sufficient evidence, in the form of his own statements and notes he purportedly wrote in July 2011 complaining about his mattress, to establish a genuine dispute of material fact as to whether he had been so deprived. Moreover, the constitutional magnitude of such a deprivation, if proved, was clearly established by 2011 so as to defeat defendants' claim of qualified immunity. *See*

3

*Gaston v. Coughlin*, 249 F.3d 156, 166 (2d Cir. 2001); *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972).

The subjective prong of a conditions-of-confinement claim is satisfied by a showing that the defendant "acted with more than mere negligence" by, for instance, "know[ing] of, and disregard[ing], an excessive risk to inmate health or safety." *Walker v. Schult*, 717 F.3d at 125 (internal quotation marks omitted). Garraway argues that he came forward with sufficient evidence on this prong as well. We agree.

Garraway asserts that he verbally informed each of defendants Shumaker, Edger, Brink, Erway, Belz, and Pulsifer about the condition of his mattress at least once and that he informed defendant Smith of the problem several times, both in writing and verbally. Shumaker and Edger, who initially placed Garraway in the cell with the obviously soiled mattress, allegedly mockingly told him "good luck," and then failed to follow the protocol for having the cell cleaned. Other defendants told Garraway that they would look into his complaint but failed to do so. Still others told Garraway to direct his request elsewhere.[1] In short, no defendant advised of the mattress condition took any action until October 2011, when Garraway filed his formal grievance. Defendants claim not to recall Garraway's requests for a mattress replacement before the grievance. The parties also dispute whether Garraway's grievance prompted action in two days or longer. The parties further disagree as to whether Garraway could have cleaned the mattress himself with the disinfectant provided weekly to the inmates. A court cannot itself

---

[1] Garraway claims that he asked defendant Brink about the mattress multiple times and that he informed defendant Pulsifer of his previous failed attempts to secure a new mattress.

4

resolve these disputes on summary judgment. Rather, it must assume that these issues will all be resolved in Garraway's favor.

It is undisputed, moreover, that the cell's previous occupant had been disciplined for throwing feces on the day before Garraway was moved to the cell, and that the corrections officer defendants made rounds near Garraway's cell during his confinement.

Viewing these facts most favorably to Garraway, we conclude that they present genuine issues of material fact as to whether Shumaker, Edger, Brink, Erway, Belz, Pulsifer, and Smith knew that Garraway's mattress was soiled with human waste and, if they did, whether they exhibited more than mere negligence in requiring him to sleep on such a mattress for more than three months. *See Walker v. Schult*, 717 F.3d at 125.

As to supervisor defendants Sheahan and Evans, Garraway asserts that, despite knowing of the incident in the cell involving its prior occupant, they failed to order that the cell be properly cleaned according to protocol before Garraway moved into it.[2] Garraway has adduced no evidence, however, that an order from these supervisors was required for the cell in question to be cleaned. Nor does he adduce any evidence that Sheahan, Evans, or supervisor defendant Griffin had any knowledge that he was sleeping on a feces-soiled mattress. The lack of any such evidence precludes him from showing that any of the supervisory defendants personally violated his Eighth Amendment rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (stating that plaintiff bringing § 1983 claims "must plead that each Government-official defendant, through the official's own

---

[2] The "Watch Commanders Log Book" report to which Garraway points to establish Sheahan's awareness of the incident with the prior occupant makes reference only to that inmate throwing feces *outside* of the cell, not inside of it.

5

individual actions, has violated the Constitution"); *Raspardo v. Carlone*, 770 F.3d 97, 122 (2d Cir. 2014) (applying *Iqbal* standard at summary judgment).   The claims against these supervisors were properly dismissed.

Finally, Garraway argues that he raises issues of fact supporting a due process claim and an Eighth Amendment claim premised on sleep deprivation.   The district court did not address these claims.   Because courts in this circuit "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *see McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), we remand these claims for consideration by the district court as to defendants Shumaker, Edger, Brink, Erway, Belz, Pulsifer, and Smith.[3]

We have considered Garraway's remaining arguments and conclude that they are without merit.   Accordingly, the judgment of the district court is AFFIRMED in part as to defendants Sheahan, Evans, and Griffin, and VACATED in part as to defendants Shumaker, Edger, Brink, Erway, Belz, Pulsifer, and Smith, and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3]  As stated above, because Garraway cannot show that supervisory defendants Sheahan, Evans, and Griffin personally violated his Eighth Amendment rights, he also cannot sustain a claim against them premised on sleep deprivation.

6