16-3137-pr
Allah v. Murphy

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges.*

_____

KHALAIRE ALLAH,

      *Plaintiff-Appellant*,

    v.                                                                 No. 16-3137-pr

SGT. MURPHY, GREAT MEADOW CORRECTIONAL FACILITY, J. FULLER, CORRECTION OFFICER, GREAT MEADOW CORRECTIONAL FACILITY, T. TYNON, ADSP, GREAT MEADOW CORRECTIONAL FACILITY, GOODMAN, CORRECTIONAL CAPTAIN, GREAT MEADOW CORRECTIONAL FACILITY, RACETTE, SUPERINTENDENT, GREAT MEADOW CORRECTIONAL FACILITY, J. GLEASON, BHU CHIEF, GREAT MEADOWCORRECTIONAL FACILITY,

      *Defendants-Appellees*,

1

M. ROCK, CORRECTION OFFICER, GREAT MEADOW
CORRECTIONAL FACILITY, P. LONDRIGAN, CORRECTION
OFFICER, GREAT MEADOW CORRECTIONAL FACILITY,
D. VANBUREN, EXECUTIVE ASST. COMM., DOCCS,

*Defendants*.

_____

FOR APPELLANT:                    Khalaire Allah, *pro se*, Marcy, New
                                  York.

FOR APPELLEES:                    Barbara D. Underwood, Solicitor
                                  General, Victor Paladino, Patrick Woods,
                                  Assistant Solicitors General, *for* Eric T.
                                  Schneiderman, Attorney General of the
                                  State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*; Thérèse Wiley Dancks, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 17, 2016, is AFFIRMED.

Plaintiff Khalaire Allah, proceeding *pro se*, appeals from an award of summary judgment to defendants, a supervisor and various employees at Great Meadow Correctional Facility, on Allah's claims under 42 U.S.C. § 1983 that he was denied due process at a disciplinary hearing, subjected to cruel and unusual punishment by being forced to wear an "exposure jumpsuit" (a jumpsuit designed to prevent removal), and was retaliated against for filing grievances through interference with his mail. *See* U.S. Const. amends. I, VIII, & XIV. We review an award of summary judgment *de novo* and will affirm only if the record, viewed in the light most favorable to the non-movant, shows no

genuine issue of material fact and the movant's entitlement to judgment as a matter of law. *See Jackson v. Fed. Express*, 766 F.3d 189, 193–94 (2d Cir. 2014).  In so doing, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

In granting summary judgment, the district court concluded that (1) no record evidence demonstrated regular interference with Allah's mail, (2) Allah did not have a liberty interest in being free from wearing an exposure jumpsuit or from transfer to a different unit, (3) the exposure jumpsuit did not deprive Allah of his basic human needs, and (4) Allah did not suffer an adverse disciplinary action.  An independent review of the record and relevant case law reveals that the district court properly granted summary judgment on Allah's claims for substantially the reasons stated by the magistrate judge in her thorough May 16, 2016 report and recommendation, adopted by the court.  *See Allah v. Murphy*, No. 9:14-CV-0438 (GTS/TWD), 2016 WL 4401069, at *5–14 (N.D.N.Y. May 16, 2016), *adopted by* 2016 WL 4386013, at *1 (N.D.N.Y. Aug. 17, 2016).

Insofar as Allah faults the district court for "fail[ing] to review statements recorded on audio footage" by one of the defendants "admitting that plaintiff was subjected to facts raised in the complaint because he filed grievances," Appellant's Br. 3, we agree with the district court that the recording does not constitute admissible evidence, such as is

necessary to defeat a motion for summary judgment. *See* Fed. R. Civ. P. 56(c); *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999).

We have considered Allah's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court