17-965-cv
Zahoruiko v. Fed. Ins. Co.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand eighteen.

PRESENT: REENA RAGGI,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
 *Circuit Judges.*

———————————————————————

J. GRAHAM ZAHORUIKO,

 *Plaintiff-Appellant*,

 v.                                                                    No. 17-965-cv

FEDERAL INSURANCE COMPANY,

 *Defendant-Appellee*,

CHUBB NATIONAL INSURANCE COMPANY, DBA FEDERAL INSURANCE COMPANY, CHUBB GROUP OF INSURANCE COMPANIES, collectively and individually,

 *Defendants.*

———————————————————————

1

FOR APPELLANT: J. Graham Zahoruiko, *pro se*, Tolland, Connecticut.

FOR APPELLEE: Jeffrey L. Williams, Carlton Fields Jorden Burt, P.A., Hartford, Connecticut.

Meredith W. Caiafa, Carlton Fields Jorden Burt, P.A., Atlanta, Georgia.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 6, 2017, is AFFIRMED.

Plaintiff J. Graham Zahoruiko, proceeding *pro se*, appeals from an award of summary judgment to Federal Insurance Company ("Federal") on Zahoruiko's breach of contract and related claims based on Federal's denial of coverage under a director and officer liability insurance policy. Specifically, Zahoruiko challenges the district court's determination that he was not entitled to coverage under Connecticut law because he did not timely notify Federal of the claims for which he sought insurance coverage. We review the challenged award *de novo* and will affirm only if the record, viewed in the light most favorable to Zahoruiko, shows no genuine dispute of material fact and Federal's entitlement to judgment as a matter of law. *See Jackson v. Fed. Express*, 766 F.3d 189, 193–94 (2d Cir. 2014). In doing so, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm substantially for the reasons stated by the

2

district court. *See Zahoruiko v. Fed. Ins. Co.*, No. 3:15-cv-474 (VLB), 2017 WL 776645 (D. Conn. Feb. 28, 2017).

Under Connecticut law, an insurer can be discharged from its coverage obligations pursuant to the "notice" provision of an insurance policy only by showing: "(1) an unexcused, unreasonable delay in notification by the insured; and (2) resulting material prejudice to the insurer." *Arrowood Indem. Co. v. King*, 605 F.3d 62, 77 (2d Cir. 2010). Insofar as Zahoruiko argues on appeal that Federal failed to show prejudice, he forfeited the argument by failing to raise it in the district court. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks and alteration omitted)). In any event, upon an independent review of the record and relevant case law, we conclude, as the district court did, that Federal is entitled to summary judgment.

An insured's "duty to give notice does not arise unless and until facts develop which would suggest to a person of ordinary and reasonable prudence that liability may have been incurred, and is complied with if notice is given within a reasonable time after the situation so assumes an aspect suggestive of a possible claim for damages." *Arrowood Indem. Co. v. King*, 605 F.3d at 77 (internal quotation marks omitted). "The purpose of the requirement for prompt notice is to give the insurer a full opportunity to investigate the claim." *Id.* at 78. As to the prejudice prong, "the insurer bears the burden of proving, by

3

a preponderance of evidence, that it has been prejudiced by the insured's failure to comply with a notice provision." *Arrowood Indem. Co. v. King*, 39 A.3d 712, 725–26 (Conn. 2012).

Zahoruiko's delay in notifying Federal of his need for coverage was both unexcused and unreasonable. When the action at issue was commenced against Zahoruiko in 2010, a reasonably prudent person would have understood that liability might be incurred. Moreover, when default was entered against Zahoruiko, he certainly should have known that he could be found liable. Nevertheless, Zahoruiko failed to notify Federal until one and a half years after the lawsuit was commenced and 15 months after the default. Insofar as Zahoruiko argues that his untimely notice should be excused because the entity that sued him engaged in unscrupulous tactics, he fails to explain how that conduct prevented him from timely providing notice of the action to Federal.

Zahoruiko's arguments that the district court improperly assumed prejudice and that Federal failed to carry its preponderance burden are equally meritless. Federal provided a declaration from a senior claim officer stating that Zahoruiko's failure to give notice until after default was entered denied it the opportunity to interview witnesses or participate in the defense or any proposed settlement of the claim. Zahoruiko argues that the declaration is speculative, and that Federal would not have defended his claim because it denied coverage based on a different clause of the policy. The argument does not persuade. Connecticut recognizes that the denial of the opportunity to investigate, as well as entry of

4

default, are prejudicial to an insurer. *Ellis v. Cty. Agency, Inc.*, No. CV146017155S, 2017 WL 3011674, at \*3 (Conn. Super. Ct. May 25, 2017) ("Entry of a default judgment against an insured is evidence of prejudice as well as the lack of opportunity for the insurer to investigate a claim and to pursue a compromise or settlement." (internal citation omitted)); *Jazlowiecki v. Nationwide Ins. Co. of Am.*, No. HHDCV126036618S, 2014 WL 4746527, at \*6 (Conn. Super. Ct. Aug. 8, 2014) (same). Zahoruiko's prejudice challenge is further belied by his own waiver in the underlying action of defenses that Federal could otherwise have asserted. Federal having carried its burden, and Zahoruiko having failed to adduce evidence sufficient to support a jury verdict in his favor, *see Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 91 (2d Cir. 2002), or even to challenge Federal's showing of prejudice in the district court, summary judgment was correctly entered in Federal's favor.

We have considered Zahoruiko's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5