*Canady v. Univ. of Rochester, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand eighteen.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

---

MARK CANADY,

> *Plaintiff-Appellant,*

v.

17-1952 (L),
17-1979 (Con)

UNIVERSITY OF ROCHESTER, 1199SEIU UNITED HEALTHCARE WORKERS EAST,

> *Defendants-Appellees.*<sup>*</sup>

---

For Plaintiff-Appellant, Mark Canady:          Mark Canady, *pro se*, Rochester, NY.

---

\* The Clerk is directed to conform the official caption to the caption on this order.

For Defendant-Appellee,
University of Rochester:

Mary E. Shepard, The Wolford Law Firm LLP, Rochester, NY.

For Defendant-Appellee, 1199SEIU
United Healthcare Workers East:

Jonathan George Johnsen, Creighton, Johnsen & Giroux, Buffalo, NY.

Appeal from a May 23, 2017 judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**, and the motion to amend the caption is **GRANTED**.

Appellant Mark Canady, proceeding *pro se*, appeals from a May 23, 2017 judgment of the United States District Court for the Western District of New York (Larimer, *J.*). The district court granted summary judgment in favor of the University of Rochester ("University") and 1199 SEIU United Healthcare Workers East in three employment discrimination actions, which have been consolidated. Canady alleged racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, after he was suspended for five days, fired, denied unemployment benefits, and allegedly received a racist voicemail. Canady also moved for the district court judge to recuse himself because the judge had presided over his previous criminal case. This appeal followed. Canady challenges the district court's grant of summary judgment on his retaliation claim, and the University moves to amend the caption, as set out above. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review a district court's denial of a recusal motion for abuse of discretion. *United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998). We review *de novo* a district court's grant of summary judgment. *See, e.g., Jackson v. Fed. Exp.*, 766 F.3d 189, 193 (2d Cir. 2014). Summary judgment should be granted only if no reasonable jury could return a verdict for the non-moving party, and there is no genuine dispute as to any material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 248 (1986).

Here, the district court's decision not to recuse was not an abuse of discretion. Recusal is appropriate when "'a reasonable person, knowing all the facts,' would question the judge's impartiality." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)); *see* 28 U.S.C. § 455(a). While recusal does not require exclusive reliance on extrajudicial conduct, prior "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). A reasonable person would not question Judge Larimer's impartiality simply because the judge presided over Canady's prior criminal case. *See id.* at 556 (holding that a recusal motion based on rulings and statements made in an earlier criminal bench trial was properly denied).

As to the merits, the district court properly granted summary judgment. To state a *prima facie* case for Title VII retaliation a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hick v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010). Retaliation claims are analyzed under the *McDonnell Douglas* burden-shifting framework, which requires defendants to respond to a plaintiff's *prima facie* case by providing a "legitimate, non-retaliatory reason for the adverse employment action."

3

*Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005). A plaintiff must then show that the employer's retaliatory motive was a but-for cause of the adverse action "by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action." *Zann Kwan v. Andalex Group LLC*, 737 F.3d 834, 846 (2d Cir. 2013).

On appeal, Canady argues that, after he sued the University for racial discrimination and filed an Equal Employment Opportunity Commission (EEOC) charge in 2013, the University retaliated against him in two ways. First, he contends that it wrote a "negative reference letter" about him. Pl.-Appellant Br. 18. The University counters that this letter did not amount to an adverse employment action. An employment action is adverse if "it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). Canady seems to be referring to the University's June 2013 Letter of Expectations. The University wrote this letter after Canady was suspended for five days for allegedly subjecting a coworker to repeated unwanted advances. Canady challenged his suspension, and the University scheduled a hearing. A union organizer then negotiated with the University to reduce Canady's punishment from a suspension to a Letter of Expectations. The letter ended Canady's suspension, awarded him one day of back pay, and stated that, going forward, Canady should "conduct himself in a professional and respectful manner at all times." Because the letter helped Canady by reducing his punishment, there is no reasonable question of fact that it would not deter a reasonable person from making a charge of discrimination. *Burlington*

4

*N. & Santa Fe Ry.*, 548 U.S. at 68. Accordingly, summary judgment was properly granted on this issue.

Second, Canady asserts that the University fired him in retaliation for filing a lawsuit and EEOC charge. But the University provided several legitimate, non-retaliatory reasons for his termination: Canady purportedly had loud verbal altercations with and made unwanted advances towards several coworkers. Apart from conclusorily saying that these allegations were false, Canady did not make any showing that these non-retaliatory reasons were implausible, inconsistent, or contradictory. *See Zann Kwan*, 737 F.3d at 846; *see also Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002) (holding that "reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion"). The district court was therefore correct to hold that the defendants were entitled to summary judgment on this issue.

Canady raises several other claims for the first time on appeal, and we decline to consider them. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016).

We have considered Canady's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court, and **GRANT** the motion to amend the caption.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court