18-2277-cv
I.O.B. Realty, Inc. v. Patsy's Brand Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6th day of May two thousand twenty.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                          *Circuit Judges*.

_____

I.O.B. REALTY, INC.,

                     *Plaintiff-Appellee*,

              v.                                               18-2277

PATSY'S BRAND, INC.,

                     *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Ronald D. Coleman (Brian M. Block, *on the brief*), Mandelbaum
                             Salsburg P.C., Roseland, N.J.

Appearing for Appellee:      Kimberly M. Maynard, Frankfurt Kurnit Klein & Selz,
                             New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Stanton, *J.*).

[1] The Clerk of Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **VACATED AND REMANDED**.

Appellant Patsy's Brand appeals from the July 2, 2018 judgment of the United States District Court for the Southern District of New York (Stanton, *J.*), ordering the Patent and Trademark Office to grant I.O.B. Realty's pending trademark applications pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Over eighteen years ago, the Honorable John S. Martin of the Southern District of New York Court wrote that a "relatively mundane trademark litigation" between two restaurants who called themselves Patsy's had turned "into a minor legal epic." *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 98-cv-10175, 2002 WL 59434, at *1 (S.D.N.Y. Jan. 16, 2002). In 2016, in the most recent chapter of this epic, I.O.B. Realty sued Patsy's Brand, asserting that the continued use and the registration of the mark PATSY'S OF NEW YORK infringed on I.O.B. Realty's more senior mark PATSY'S PIZZERIA in violation of Section 43 of the Lanham Act and New York common law.

On May 16, 2017, the district court denied Patsy's Brand's motion to dismiss in a written decision. *I.O.B. Realty, Inc. v. Patsy's Brand, Inc.*, No. 16-cv-7682, 2017 WL 2168815 (S.D.N.Y. May 16, 2017). On May 17, 2018, both parties cross-moved for summary judgment. On July 2, 2018, the district court issued a judgment without an opinion and closed the case. In the judgment, the district court stated the following:

> The disputes in which the parties and the United States Patent Office ("PTO") are at present entangled have their sources in the relationship between the trademark PATSY'S OF NEW YORK for restaurant services and the trademark PATSY'S PIZZERIA which is being denied registration for pizzeria services and for franchising services based on the misconception that it is sufficiently similar to PATSY'S OF NEW YORK to produce confusion. In reality
>
> 1. There is no likelihood of confusion between PATSY'S OF NEW YORK and PATSY'S PIZZERIA. Except for the name Patsy's, no one word in one appears in the other. It is stipulated that "Neither party produced evidence of actual confusion" (Stipulated Fact 40) and "Neither party entered or otherwise produced survey evidence concerning a likelihood of confusion" (Stipulated Fact 41) between the two marks;
> 2. At various times all parties have recognized and asserted the dissimilarity between the marks and the unlikelihood of confusion; and accordingly
>
> IT IS ORDERED, ADJUDGED, AND DECREED that

3. Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, the PTO is directed forthwith to grant Applications numbered 76/649,149 and 77/086,491 and to register the mark PATSY'S PIZZERIA for pizzeria services and for franchising services; and

4. The Clerk shall certify a copy of this order to the Director of the PTO for compliance herewith; and

5. The Clerk shall close the case.

Special App'x at 3-4.

Significantly, neither the judgment nor the district court's docket entries note how the district court disposed of the cross-motions on summary judgment. Rule 56 requires the court to "state on the record the reasons for granting or denying the motion" Fed. R. Civ. P. 56(a). "All that is required is a record sufficient to allow an informed appellate review. . . ." *Jackson v. Fed. Express,* 766 F.3d 189, 197 (2d Cir. 2014). In this case, however, the district court did not explain the basis for its conclusion or provide a sufficient explanation to allow for meaningful review on appeal. Accordingly, we vacate and remand to the district court with instructions to explain its disposition. In particular, the district court should state whether it is granting or denying the motions for summary judgment, and should explain the basis for its authority to order the PTO to grant I.O.B. Realty's pending trademark applications and to register the PATSY'S PIZZERIA marks.

We have considered the remainder of Patsy's Brand's arguments and find them to be without merit. Accordingly, the order of the district court hereby is VACATED and the matter is REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3