20-1969-cv
*Malik v. City of New York, et al*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand twenty-one.

PRESENT:    GUIDO CALABRESI,
            REENA RAGGI,
            DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ABDUL Q. MALIK,

                *Plaintiff-Appellant,*


       -v-                                20-1969-cv

CITY OF NEW YORK, ERIC GONZALEZ, ESQ.,
DEBRA JAROSLAWICZ, ROBERT ADDONIZIO,
ALBINA ZAVADSKY, GLENN P. KENNY,
                *Defendants-Appellees,*


JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JANE
DOE 1, JANE DOE 2, AS EMPLOYEES OF THE
KINGS COUNTY DISTRICT ATTORNEY'S OFFICE
AND INDIVIDUALLY,

*Defendants.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:  ROBERT MAHONEY (Eric Alvarez, *on the brief*), Norris, McLaughlin, P.A., New York, New York.

FOR DEFENDANTS-APPELLEES:  ZACHARY S. SHAPIRO, Senior Counsel (Richard Dearing, Assistant Corporation Counsel, Scott Shorr, Assistant Corporation Counsel, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Abdul Q. Malik appeals the district court's judgment entered May 28, 2020, dismissing his claims against defendants-appellees the City of New York (the "City"), Kings County District Attorney ("DA") Eric Gonzalez, former Assistant District Attorney ("ADA") Debra Jaroslawicz, DA Investigator Glenn Kenny, and DA Investigator Robert Addonizio (collectively, the "City defendants") and non-

---

[*] The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

government actor Albina Zavadsky.[1]  By memorandum and order entered May 27, 2020, the district court granted motions to dismiss filed by the City defendants and individual defendant Zavadsky .  We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

As alleged in the complaint, from 2012 to 2015, the Kings County DA's office investigated an alleged fraudulent scheme involving the "Vanier Organization," which purportedly operated medical clinics and submitted fraudulent claims to Medicaid, Medicare, and certain healthcare organizations.  Malik, a doctor, was implicated in the scheme and was charged with fraud, larceny, and other crimes in two indictments.  Malik had read more than 10,000 diagnostic images for a company assertedly owned by Zavadsky that was purportedly involved in the conspiracy and was alleged to have, among other things, (1) controlled a bank account into which the company deposited fraud proceeds and (2) billed Medicaid for services that were either never performed or medically unnecessary.  It appears, however, that Malik's signature was forged on Medicaid reimbursement forms and checks, and the charges against Malik were dropped, on motion of the DA's office, on November 30, 2017.

On March 30, 2018, Malik brought this action below against the City defendants, Zavadsky, Thompson, and five John/Jane Does.  On May 27, 2020, the

---

[1]      Former DA Kenneth Thompson, who passed away prior to commencement of the action, was also a defendant below.

3

district court granted the motions to dismiss, concluding that (1) Malik abandoned his claims against Zavadsky; (2) Malik failed to state a plausible claim against Gonzalez, Jaroslawicz, Kenny, and Addonizio because they were protected by absolute prosecutorial immunity; and (3) the City was not liable because there was no underlying constitutional violation and, even if there were, Malik did not plausibly allege a *Monell* violation.  This appeal followed.

## *DISCUSSION*

### I.      **Standard of Review**

"We review *de novo* a district court's grant of a motion to dismiss [pursuant to Federal Rule of Civil Procedure 12(b)(6)], construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."  *La Liberte v. Reid*, 966 F.3d 79, 85 (2d Cir. 2020) (internal quotation marks and alteration omitted).

The standard of review applicable to a district court's determination that a party has abandoned his claims has not been settled, *see Joseph v. United States*, 740 F. App'x 12, 13 (2d Cir. 2018) (summary order), but we need not resolve that issue here as the result would be the same regardless of the standard we apply.

4

## II.     Claims Against Zavadsky[2]

The district court concluded that Malik abandoned his claims against Zavadsky because his opposition brief failed to address Zavadsky's argument that she was not a state actor for purposes of § 1983.  We agree.

Malik filed a single opposition to defendants' motions to dismiss, but he did not make any arguments that addressed Zavadsky's motion.[3]  On appeal, he argues that we should overlook this failure because the conclusion paragraph of his brief below read, "For all of the foregoing reasons, and based upon the Complaint, attached Exhibits, Plaintiffs [*sic*] respectfully request that the Court deny Albina Zavadsky and the Kings County Defendants' Motions to Dismiss."  Dist. Ct. Dkt. No. 31 at 25.  But "[w]hen a party fails adequately to present arguments" in a brief, a court may properly "consider those arguments abandoned," *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 172 (2d Cir. 2004), especially "in the case of a counseled party" where "a court may . . . infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned," *Jackson v. Fed. Exp.*, 766 F.3d 189,

---

[2]     Zavadsky, who is separately represented, has not filed an appeal brief, despite receiving notice from the Clerk of Court.  Nonetheless, we may still affirm *sua sponte*.  *See, e.g.*, *Corley v. Wittner*, 811 F. App'x 62, 62 & n.1(2d Cir. 2020) (summary order) (affirming order where defendants-appellees were represented on appeal but did not file opposition brief).

[3]     Malik raised arguments about Zavadsky's status as a government informant in response to the City defendants' motion to dismiss Count 3 for malicious prosecution.  Zavadsky, however, was not named in Count 3 of Malik's complaint.

198 (2d Cir. 2014).  Malik argued at length as to why at least parts of the City defendants' motion should be denied, but he did not address Zavadsky's state-actor argument, which was dispositive of the § 1983 claims against her.  Accordingly, we affirm the district court's conclusion that Malik abandoned his claims against Zavadsky.

### III.    Claims Against the City Defendants

The district court dismissed Malik's remaining federal claims on the ground that the individual City defendants were protected by absolute immunity, and, without any underlying constitutional violation, Malik had no grounds for a *Monell* claim.

Prosecutors enjoy absolute immunity for "acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State," but "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  "In applying this 'functional approach' to claims of absolute immunity, courts focus on 'the nature of the function performed, not the identity of the actor who performed it.'"  *Bernard v. County of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004) (quoting *Buckley*, 509 U.S. at 269).  This immunity thus "extends to those performing functions closely associated with that process," including non-lawyer employees at a district attorney's office.  *Hill v. City of New York*, 45 F.3d 653, 660

6

(2d Cir. 1995). "An official who asserts absolute immunity from § 1983 liability shoulders the burden of establishing the existence of immunity for the function in question." *Id.*

Malik argues that absolute immunity does not apply because (1) "Jaroslawicz was acting in her investigatory function when she attempted to, and successfully did, harass, intimidate, and threaten Zavadsky into testifying against Malik to the Grand Jury," Appellant's Br. at 52, and (2) "Addonizio[] and Kenny acted in concert [with Jaroslawicz] in coercing, pressuring, and concocting Zavadsky's false testimony," Appellant's Br. at 55. But Malik has failed to make any nonconclusory allegations that any City defendant coerced or pressured Zavadsky into giving false testimony. And "naked assertions devoid of further factual enhancement" to that end will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and alteration omitted). Thus, even assuming that allegations that prosecutors and their staff fabricated evidence were sufficient to strip those individuals of absolute immunity, Malik has not plausibly alleged that that is what happened here. Malik has not otherwise plausibly alleged that defendants engaged in unlawful investigatory functions, as all of his allegations to that end stem from the conclusory assertion that defendants coerced Zavadsky into testifying falsely. Accordingly, we affirm the district court's conclusion that the individual City defendants are protected by absolute immunity.

7

Because Malik has failed to plausibly allege any underlying constitutional violation, he cannot maintain a *Monell* claim. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

## IV. State Law Claims

Because it dismissed all of Malik's federal claims, the district court properly declined to exercise supplemental jurisdiction over Malik's remaining state law claims. *See Klein & Co. Futures, Inc. v. Bd. of Trade of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

* * *

We have considered Malik's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8